## GUSWEILER v
## RIVERVIEW APARTMENT, INC, et

Ohio Appeals, 1st Dist, Hamilton Co

No 5064. Decided June 1, 1936

Dinsmore, Shohl & Sawyer, Cincinnati, and Ragland, Dixon & Murphy, Cincinnati, for appellee.

Carl Phares, Cincinnati, and John W. Cowell, Cincinnati, for appellants.

## OPINION

By MATTHEWS, J.

The appellees have moved this court to dismiss this appeal for the reason that, being an appeal on questions of law, rule seven of this court requires appellants to file their briefs and assignments of error and bill of exceptions within fifty days after filing notice of intention to appeal; and this was not done in this case. The record shows that the notice of intention to appeal was filed on the day the order appealed from was entered on the journal and the assignment of errors, brief and bill of exceptions were filed in this court on the fifty-second day thereafter.

By §12223-4, GC, it is provided that:

"The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, office: or commission. Where leave to appeal must be first obtained, notice of appeal shall also be filed in the appellate court. After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

The time for filing assignments of error, briefs and bills of exceptions is not prescribed by statute. By §12223-21, GC, the court is authorized to fix the time by rule of court, and it is enacted by that section that "Failure to file such briefs and assignments of error within the time prescribed by the court rules shall be cause for dismissal of such appeal."

Rule seven was adopted under that statutory authorization at the annual session of the court in Columbus as the uniform rule for all the courts of appeal. There was adopted with the rule this explanatory note:

"It is considered by the committee that it is undesirable to make any drastic change in the time in which proceedings in error as they are now understood and appeals on questions of law, as provided for in the new act, should be perfected in this court. The period of fifty (50) days, taking into consideration the twenty (20) days provided for the filing of notice of intention to appeal, conforms the present time to the time for filing petitions in error, as now in force, to-wit: seventy (70) days."

It will be seen that the intention was to leave the time for filing the assignments of error the same as it had been for the filing of petitions in error. And an appellant by withholding the filing of the notice of intention to appeal until the end of the statutory period of twenty days has it in his power to make it conform. The appellants did not do that in this case.

While we are of the opinion that public policy requires that Rule Seven be applied rigidly so far as it relates to the filing of assignments of error, and that ordinarily the penalty for failure to file within the time should be dismissal of the appeal, we are of the opinion that this rigid rule should not be applied when it is filed within seventy days of the order appealed from.

The motion to dismiss is therefore overruled.

The question presented by this appeal relates to allowance of fees made to a trustee and his attorneys.

The action was instituted by the successor trustee in a mortgage or deed of trust given to a trustee to secure a bond issue in the amount of $440,000.00, evidenced by one thousand and thirty-two bonds, part maturing each year until 1940, when the unpaid balance became due. The relief sought was an accounting, possession of the premises, and sale thereof under the order of the court, and general equitable relief. This mortgage or deed of trust was executed by Riverview Apartments, Inc., as mortgagor or grantor, as party of the first part, and Fidelity Bank and Trust Company of the City of St. Louis, State of Missouri, as party of the second part, and it was recited that all the holders of the bonds secured by the instrument were parties of the third part. This instrument conveyed the legal title in fee simple to certain real estate including fixtures located in Hamilton County, Ohio, to the party of the second part "as Trustee" for the common and equal benefit of the holders of the bonds secured by it. The instrument contains elaborate provisions regulating the rights and duties of the parties, and, among these, were provisions for compensation to the trustee and counsel employed by him in the event that it became necessary for the trustee to institute and prosecute an action in foreclosure.

There is no suggestion that Fidelity Bank and Trust Company was a lender of money to Riverview Apartments, Inc., or that this mortgage deed of trust was given to secure money loaned by it to Riverview Apartments, Inc. Fidelity Bank and Trust Company was a trustee for others, that is, it was a trustee for the bondholders primarily and secondarily for Riverview Apartments, Inc., the settlor. It had no other relation to the transaction. This instrument was executed in 1928. The successor trustee instituted this action solely to perform the duties imposed upon him by the trust instrument.

In 1931 Fidelity Bank and Trust Company became insolvent and legally incapable of acting as trustee. As a result a bondholder filed an action in the Common Pleas Court of Hamilton County, Ohio, to secure the appointment of a successor trustee. In that action Frank R. Gusweiler was appointed successor trustee and Riverview Apartments, Inc., having defaulted in payment of principal and interest, demand was made upon him to institute this action in foreclosure, and in accordance with the terms of the deed of trust, and accordingly this action was instituted for the benefit of the bondholders on December 17th, 1932.

At the time of instituting the foreclosure action there were bonds aggregating $414,000.00 secured by this mortgage remaining unpaid.

The successor trustee assumed control of the property upon his appointment and continued to manage it during the pendency of this proceeding.

On April 30th, 1935, by leave of court Charles L. Holman, Lynton T. Block and Warren Browne as a committee constituted and acting under a deposit agreement dated November 30th, 1931, for the protection of the holders of these bonds, filed an intervening petition in which they set forth the terms of the deposit agreement under which they were acting, that they were the holders of $358,100.00 of such bonds, and that W. G. Layer, James N. Dugan and James W. Dugan, Trustee, had submitted to them a plan of reorganization of the indebtedness of Riverview Apartments, Inc., in the form of an offer to them as the committee of bondholders. They in effect asked the guidance of the court in relation to that offer. In this offer Layer and Dugan represented that they were the owners and holders of all the shares of the capital stock of Riverview Apartments, Inc., and as the holders of all of such stock submitted the proposition to the committee representing the bondholders and agreed that if their proposition was accepted that they and Riverview Apartments, Inc. would perform the obligations imposed upon them, one of which was to execute such documents and transfers as would be necessary to vest in a new corporation full and complete title to the premises.

This reorganization proposal contemplated the sale of the mortgaged premises under a decree in this foreclosure case and Layer and Dugan agreed that they would cause Riverview Apartments, Inc. to consent to such a sale, that should the bondholders' committee become the purchaser at such sale it would convey the title so acquired to a new corporation organized for that purpose and this new corporation would issue new bonds to take the place of those of the Riverview Apartments, Inc. held by the bondholders' committee, and these new bonds would be secured by a mortgage on these same premises. There were many provisions relating to the new corporation. Of course, the purpose was to protect the interests of the bondholders and stockholders of Riverview Apartments,

Inc. There were provisions for Layer and Dugan to become the active managers of the property after the reorganization.

The offer contained provisions for supervision of the reorganization by the court in this case.

It provided that non-assenting bondholders should be paid from available cash or by the new corporation, and that the bondholders' committee and their counsel should be paid compensation not exceeding in the aggregate five per cent of the principal amount of the bonds outstanding and unpaid. It also provided that Layer and Dugan should be paid six per cent of the gross rentals for managing the property after the reorganization.

As a separate item it was agreed that there should be paid from funds in the hands of the successor trustee, "All costs and expenses of the foreclosure proceedings above mentioned, as are finally allowed by the court or recognized by your committee including, but not by way of limitation, compensation allowed to the successor trustee and to his attorneys." And the funds in the hands of the successor trustee were to be used first to pay these costs and expenses and the unpaid taxes and non-assenting bondholders, and only the residue devoted to any other purpose.

The offer provided that the bondholders' committee should have the absolute right to determine the amount it should bid for the property and that the acceptance of the offer should not bind them personally, that it should be submitted to the bondholders and if it was not approved by a sufficient number to make the reorganization practicable in the judgment of the committee they should have the right to abandon it, or if the court should disapprove it the committee reserved the right to declare the plan inoperative and abandon it. Subject to these safeguards, the committee accepted the offer before filing their intervening petition.

After the intervening petition was filed the court set a date for hearing and required notice to be given to all bondholders. The court ordered that all bondholders be permitted to participate in the reorganization plan and by the time of the sale bonds of the face value of $373,800.00 had been deposited with the committee for participation in the reorganization. In this aggregate were bonds deposited by J. N. Dugan, which bonds were all the bonds of Riverview Apartments, Inc., owned by him.

The property was purchased at the foreclosure sale and in conformity to the agreement the bid was assigned to the new corporation, by name The Riverview Realty Company. The exchange of the bonds for the new bonds was made, the non-assenting bondholders paid from funds in the hands of the successor trustee, and these fees to the successor trustee and his counsel allowed payable out of the fund accumulated from rentals in the hands of the successor trustee.

In the decree of confirmation and distribution, it was ordered and decreed that "the sums paid as trustee's fees and the sums paid to counsel for trustee for services rendered, are not chargeable nor charged against defendant, Riverview Apartments, Inc., as costs or otherwise, but are payable solely out of the funds otherwise distributable to the bondholders, and are in full for all services rendered and to be rendered herein." And that "the amount found due from Riverview Apartments, Inc. under the decree and order of sale entered herein on the 16th day of October, 1933, in the sum of $458,540.63 with interest thereon at the rate of 6% per annum from that date, amounting at the date of this decree to $64,195.74 has been satisfied to the extent of $272,233.54, and that there is now due from the defendant, Riverview Apartments, Inc. to the plaintiff, the sum of $250,502.83."

The property sold for $214,166.67 and the net balance of rentals in the hands of the successor trustee before disbursing anything on account of fees to himself or his counsel was $58,066.88, making a total of $272,233.54, by which amount the indebtedness of Riverview Apartments, Inc. was satisfied and extinguished. It is thus seen that the ultimate burden of the fees of the successor trustee and his counsel was placed upon the bondholders.

The appellants are Riverview Apartments, Inc., and James N. Dugan, who were parties to the action, and William G. Layer, who joined with James N. Dugan in the reorganization proposal to the bondholders' committee, but who was never made a party to this action.

This rather lengthy recital of the proceedings has been made because of our conclusion that the appellants are not in a position to raise the question of reasonableness of the allowance or the right to compensation in an ordinary foreclosure case.

The new corporation, The Riverview Realty Company, the purchaser of the property, got what it bargained for, and, of course, it has no right to question the manner of distribution of the proceeds of sale or the rentals. It is not a party to

this action and has not attempted to raise any such issue. Riverview Apartments, Inc., the mortgagor, was given full credit upon its indebtedness for the entire amount of the selling price of the premises and the rentals without any deduction on account of these fees. Regardless of the validity of the allowances, it suffered no prejudice. Only error prejudicial to the complaining party personally, or in a representative capacity, is a basis for reversal. Riverview Apartments, Inc., in no sense represents its bondholders in this litigation.

William G. Layer was not a party to the action, and, for that reason alone should be denied the right to a review. Furthermore, it is not perceived how he could be prejudiced by the distribution of a fund belonging to bondholders, in view of the fact that he owned no bonds. Had he been the owner of bonds joining in the reorganization proposal, that would have placed him in the same position as that occupied by James N. Dugan, as a signatory to the reorganization proposal.

Now James N. Dugan was the owner of bonds aggregating $12,500.00, which he deposited with the bondholders' committee. By so doing he became a party to and consented to the terms of the deposit agreement whereby the committee was expressly authorized to represent the depositing bondholders in all respects including the reorganization of the mortgage indebtedness, such as was proposed by Dugan and Layer and accomplished in this case. He also authorized the employment of counsel by the committee. And by the terms of the reorganization proposal, already quoted, he agreed to the payment of all costs in the foreclosure case including counsel and trustee fees whether they were allowed by the court or "recognized by your committee." In view of these commitments on the part of Dugan we are of the opinion that Dugan is in no position to question these fees after the committee presented his proposal to the court, it had acted upon it and he had obtained the consideration provided by him in his proposal. Assuming that a bondholder could withdraw and thereby terminate the authority of the committee to represent him in the future, such withdrawal could not affect the binding quality of transactions of the committee prior to such withdrawal. The committee presented this reorganization proposal to the court, the court approved it, and it has been completely executed, and the committee has taken no exception to these allowances of fees. Certainly, all depositing bondholders other than Dugan were represented by the committee and are bound by its acquiescence in the allowance. Dugan does not assume to represent the bondholders as a class, and as such bondholders have expressly authorized the committee to represent them, no implied authority in any one else to represent them could be indulged.

Such being the situation Dugan could, at most, secure a revision of these fees only to the extent of relieving himself of his proportionate share of the burden of the entire allowances in the event that the court was without jurisdiction to make any allowance, or of any excess above a reasonable allowance, should it be held that the court awarded any excessive amount within its jurisdiction.

It is urged that the court is without jurisdiction to award compensation to a trustee or his attorneys in a foreclosure action. It is said that this court so decided in this case on a former proceeding in error, and that under the doctrine announced in Gohman v St. Bernard, 111 Oh St, 726, 41 A.L.R. 1057, that decision thereby became the settled law of this case regardless of whether it would be followed in any other case. That case was distinctly overruled in New York Life Ins. Co. v Hosbrook, 130 Oh St, 101, and it is at least doubtful whether a legal principle announced in an appellate opinion is binding upon it upon a second appeal in the same case. However, an examination of the mandate in that case found among the original papers in this case discloses that all this court decided was that the Common Pleas Court erred in finding that there was a liability on the part of Riverview Apartments, Inc., to pay, at that time, compensation to the successor trustee and his counsel, and that any allowance at that time was premature, the court expressly reciting that its judgment was "without prejudice to the power of the Court of Common Pleas seasonably to give further consideration to the matter of said fees." It is clear, therefore, that the question of the right to fees has not been foreclosed by any prior decision in this case.

It is undoubtedly true that attorneys' fees for services in prosecuting the action are not usually chargeable in the costs of the action. There is no statute providing generally that they may be so charged. And agreements between debtor and creditor that the former should be required to pay an attorney's fee in the event suit was

necessary to enforce collection of the debt have been uniformly held unenforceable, as violative of the usury statute. **Leavens v Ohio Nat'l Bank, 50 Oh St, 391; 40 O. Jur. 854.**

It is equally well settled that stipulations in trust documents for compensation to the trustee and his counsel are valid. **40 Ohio Jur. 458, et seq.** And the trustee is entitled to compensation in the absence of any stipulation in the trust instrument. Id.; Restatement of Law of Trusts, §242.

The question is, whether the facts bring this case in the one class or the other. It seems clear to us that the case is governed by the rule entitling a trustee to compensation. While the instrument involved was a means adopted by Riverview Apartments, Inc., in the borrowing of money, Fidelity Bank & Trust Company was not the lender. It was employed to perform certain acts deemed beneficial by both the borrower and lenders and they expressly agreed that compensation should be awarded therefor out of the subject-matter. Upon its incapacity it was deemed necessary that a successor be appointed to perform these duties and upon the application of bondholders such appointment was made by the court. Certainly, the successor trustee appointed by the court had no interest in the transaction either as lender or borrower. Payment of compensation to him for rendering the services which he was appointed to perform could not be an indirect means of benefiting the lenders beyond the legal rate of interest, and thus a violation of the usury statute. And the same may be said of the effect of compensating his attorneys.

The court by which a trustee is appointed guides and protects him in the performance of his duties and awards him compensation from the trust estate for faithful performance of such duties. That is in accordance with familiar principles of equity long established in this state. **Dayton v Bartlett, 38 Oh St, 357.** And reimbursement for lawful expenses including counsel fees falls within the same principle. **40 Ohio Jur. 370, et seq.**

These principles were recognized by the parties to this transaction from the beginning. Provision was made for such compensation in the trust agreement and later in the reorganization plan submitted by these appellants and concurred in by more than ninety per cent of the bondholders.

And in the reorganization plan it was agreed that such compensation should be awarded in this case for services herein, thus disposing of the possible contention that the compensation should be awarded in the proceeding in which the successor trustee was appointed rather than in this case instituted by the successor trustee in the performance of his duties. The successor trustee reported to the court in this case concerning his entire administration of the trust estate and secured the court's approval of such administration. This may have resulted, and probably did, from the fact that the entire trust estate was involved in this case. No objection was made to that method. Now the Court of Common Pleas being a court of general jurisdiction in both law and equity, it certainly was within its jurisdiction to award compensation under such circumstances. We so find.

Now with reference to the amount of the awards, we could only disturb them in the event the record showed affirmatively that the amounts were manifestly against the weight of the evidence. The principal contention is that the trustee and his counsel as such had nothing to do with the reorganization. If it were true that the trustee was the mere passive holder of the legal title without any duty with reference to the disposition of the corpus of the trust estate in the foreclosure case undoubtedly that would affect the amount of the award. But in this case neither the duty imposed by the terms of the trust agreement nor the duty owing to the court appointing him would have been satisfied by such a passive attitude. It was necessary that the successor trustee and his counsel participate in all plans for the sale of the property in order that the rights of all persons in the trust property would be protected. It required substantially the same service from them that was performed by the bondholders' committee and its counsel, and the appellants and their counsel as proponents of the plan of reorganization. The documents in the record furnish a standard for compensation for such service to which the award does no violence.

Under the circumstances these allowances having been made by the trial court, familiar with the nature of the services in all their details with which a reviewing court could not possibly be equally familiar, we would not be disposed to disturb

the awards made by it, were the appellants in a position to demand such relief.

We find no error in the record and the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.