## JOHN DOE* v RICHARD ROE*

Ohio Appeals, 2nd Dist, Montgomery Co

Decided Nov 30, 1936

### OPINION

By THE COURT

This action was commenced in the Common Pleas Court by the appellee against the appellant for damages as a result of the alleged negligence of the appellant. A verdict was returned by the jury in appellee's favor and the judgment thereon was entered March 5, 1936. On March 21, 1936, appellant filed in the Common Pleas Court its notice of appeal on questions of law and on May 12, 1936 filed its brief in this court. Appellee has filed a motion to dismiss the appeal on the ground, among others, that appellant has failed to comply with the rules of this court relative to the time allowed appellant to file its brief.

In pursuance to the authority granted by §12223-21 GC, this court has adcpted the following rule:

"Unless otherwise ordered by the court or a judge thereof, briefs shall be filed as follows: Counsel for appellant shall, within fifty (50) days after filing notice of intention to appeal, file with the clerk his assignments of error and briefs and bill of exceptions. * * *

Upon failure of the appellant to file his assignment of error, briefs, or bill of exceptions, as herein required, unless good cause be shown to the contrary, the cause will be dismissed for want of prosecution, or otherwise disposed of at the discretion of the court."

The language of this rule is explicit and unambiguous and requires that the appellant's brief in an appeal on questions of law be filed within fifty days from the filing of the notice of appeal in the Common Pleas Court.

It is contended by appellant that inasmuch as the total time elapsed between the judgment and the filing of the brief was less than seventy days, the rule does not apply. In support of this contention there is cited the explanatory note attached to the rule which is as follows:

"It is considered by the committee that it is undesirable to make any drastic change in the time in which proceedings in error as they are now understood and appeal on questions of law, as provided for in the new act, should be perfected in this court. The period of fifty (50) days, taking into consideration the twenty (20) days provided for the filing of notice of intention to appeal, conforms the present time to the time for filing petitions in error, as now in force, to-wit: seventy (70) days."

This explanatory note is general in its phraseology and does not alter the unambiguous language of the rule.

After the decision was rendered the case was settled and dismissed. No entry was put on.

*The names of the parties are fictitious.

Under the former Appellate Procedure Law it was held in **Kossick v Sharon Steel and Hoop Company, 3 Abs 56,** that although the plaintiff in error filed his petition in error before the final day for such filing, his time for filing his brief was not extended beyond the period allowed by the rule in force.

It was not incumbent on appellant to file its notice of appeal in less than 20 days from the time of judgment, but having elected to do so, it set in motion the time within which it could file its brief. Having failed to file its brief within the allotted time, it cannot claim that, as a matter of right, it should have any additional period for that purpose.

Our attention has been called to the case of **Gusweiler v Riverview Apts., Inc., et, 7 OO, 1,** decided June 1, 1936 by the Court of Appeals of Hamilton County and reported in Ohio Law Reporter of November 9, 1936 holding that the rule should not be applied when the brief was filed within seventy days of the date of the order appealed from.

We are not bound by this decision, do not agree with it and decline to follow the rule laid down therein on this question.

The motion to dismiss the appeal is sustained. Exceptions may be noted.

CRAIG, PJ, BARNES and HORNBECK, JJ, concur.