## WAGNER v MENKE

Ohio Appeals, 2nd Dist, Darke Co

No 513.   Decided Dec 18, 1936

Billingsley & Manix, Greenville, for appellant.

Murphy & Staley, Greenville, for appellee.

## OPINION

**By THE COURT**

Counsel for appellee has filed motion in the above entitled cause to dismiss the appeal for the reason that appellant's assignments of error and briefs were not filed within the time required under Rule VII of this court. Since January 1935, this court has adhered to a strict compliance of Rule VII as it relates to the filing of briefs within the fifty days prescribed.

Parenthetically, we might further say that we have, within the past week, released an opinion holding that the fifty day period dates from the time of filing of notice of appeal and not from the 20 days following final order or judgment. In this particular we are at variance with the Court of Appeals of Hamilton County as announced in the case of **Gusweiler v Riverview Apts.**

et, (22 Abs 242), as reported in Ohio Bar under date November 19, 1936.

Rule VII provides, among other things, as follows:

"Upon failure of the appellant to file his assignment of error, briefs, or bill of exceptions. as herein required. unless good cause be shown to the contrary, the cause will be dismissed for want of prosecution, or otherwise disposed of at the discretion of the court."

When the briefs have been filed within the prescribed period, we have heretofore been very liberal in construing the briefs, where possible, as containing an assignment of errors. This, however, is no aid where the briefs have not been filed within the fifty days unless good cause is shown for the delay. At the time of the call of the docket in Darke County, counsel for appellant were given ten days within which to present to this court, in written form, their "good cause" if any, for failure to comply with rule. On December 8th, almost thirty days thereafter, counsel for appellant filed their written memorandum. Nothing therein contained presents a good cause for failure to comply with the provisions of Rule VII.

Since January 1935, we have had this question before us in numerous cases and have universally held through our announcements, to strict enforcement of the rule. In at least three instances attempt has been made to carry the question to the Supreme Court, but in none of these cases has the court ordered certification for review.

Following our established precedent we are compelled to dismiss the appeal at costs of appellant.

Exceptions will be allowed.

CRAIG, PJ, BARNES and HORNBECK, JJ, concur.