## STATE v PARNELL

Ohio Appeals, 6th Dist, Lucas Co

Decided May 10, 1937

Thomas J. O'Connor, Prosecuting Attorney, Toledo, for appellee.

Edwin J. Lynch, Toledo, for appellant.

## OPINION

By CARPENTER, J.

The defendant-appellant, Charles Stuart Parnell, was convicted and sentenced on

an indictment charging obtaining money by false pretense. From such sentence he appealed to this court on questions of law. Two motions by the state claim the court's consideration. They are, first, to strike the bill of exceptions from the files for the reason it was not filed within the time required by law, and, second, to dismiss the appeal because the appellant's brief and assignments of error were not filed within the time fixed by statute.

The material dates of events in the progress of the case are as follows: Verdict of the jury was returned June 10, 1936; motion for new trial, filed June 13th, was overruled December 31st; sentence imposed January 28, 1937; bill of exceptions filed in the trial court February 4th; notice of appeal filed February 17th; defendant's brief and asisgnments of error filed in this court April 28th.

The state contends that §13445-1, GC, determines the time within which a bill of exceptions in a criminal case must be filed. That section reads, in part:

"The court shall fix the time within which such bill of exceptions or objections, shall be filed, which, in no case, shall be more than thirty days from the overruling of the motion for a new trial."

It does not appear from the record that the trial court fixed any time for the filing of the bill, and thirty-five days did elapse after the motion for new trial was overruled, before the bill was filed.

The defendant claims the time fixed in §11564, GC, forty days from the overruling of the motion for a new trial, is the controlling section, since the adoption of the new Appellate Procedure Act.

In this the defendant is wrong. That act made no change in the rule as to bills of exceptions in criminal cases. §§13445-1 and 13445-2, GC, were not amended or changed by it in any way. Before that act was passed, §11564, GC, dealt only with civil procedure and in this respect no change was made. Before that law was adopted, appellate procedure in criminal causes was separately provided for in the code of criminal procedure. No change in this respect was made by the Appellate Procedure Act, except that §12223-1, GC, which defines the word "appeal" as used in that act, applies in both civil and criminal procedure. In both types of procedure this section changes the name of the review from a "proceeding in error" to an "appeal."

That thirty days is the mandatory maximum for the filing of the bill of exceptions in the trial court was settled by Luff v State, 112 Oh St 102, 146 NE 892, and again reiterated in the same case in Luff v State, 117 Oh St 102, 157 NE 388. Since the Appellate Procedure Act became effective, it was decided in State v Bell, 52 Oh Ap 11 2 NE (2d) 786, and In Re Arrasmith, 54 Oh Ap 391, 393, (22 Abs 77) 7 NE (2d) 826, that no change was made by that act, and that thirty days is the maximum time.

Under some circumstances and as to certain classes of claimed errors, §13445-1, GC, does invest a reviewing court with authority to require a complete bill of exceptions. This provision contemplated that at least an incomplete bill has been filed within the statutory time. This latitude does not apply when the weight and sufficiency of the evidence is involved.

On this reasoning and authority, the motion to strike this bill of exceptions from the files must be granted.

Sec 13459-3, GC, expressly provides in part:

"Upon filing the notice of appeal there shall be filed in the appellate court the transcript prepared by the clerk and any original papers received by him. * * * The brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal. Within fifteen days thereafter, the appellee shall file its brief. * * *" (Emphasis ours).

Sec 13459-4, GC, provides:

"Such appeal, unless otherwise provided, may be filed as a matter of right within thirty days after sentence and judgment. After thirty days from such sentence and judgment such appeal may be filed only by leave of the court or two of the judges thereof."

These provisions of the statute determine when briefs shall be filed in criminal appeals, and nowhere is the court given power to fix such time by rule of court as in civil appeals, and Rule VII of the Rules of Practice of this court has no application in this matter. Even by it, the defendant was 33 days in default with his brief and assignments of error.

This appeal was filed as of right, but the brief and assignments of error were not filed until eighty-three days later.

**612**

Whether this court could extend the brief filing time is not material, for it was never asked to do so. Must this court dismiss this appeal for such dereliction of the appellant to comply with the statute? The court in State v Bell, supra says "Yes."

That a civil appeal may be dismissed for failure to file briefs in the time fixed in Rule VII of the Rules of Practice in the Courts of Appeals was declared in **Doe v Roe, 54 Oh Ap 145, (22 Abs 241) 6 NE (2d)** 593, and by inference that principle is laid down in **Gusweiler v Riverview Apartments, 54 Oh Ap 132, (22 Abs 242) 6 NE (2d)** 587, except that court differs from the one that decided Doe v Roe as to the number of days in which such briefs must be filed.

If such appeals are to be dismissed for non-compliance with a rule of court, then surely the statute which prescribes that rule in criminal appeals has as much force as does such rule.

Especially is this true in the light of the various provisions of the code of criminal procedure which indicate the purpose to provide and require speedy disposition of criminal cases. This is definitely shown in the last sentence of §13459-3, **GC**, which is as follows:

"All such proceedings to review such judgments shall have precedence of all other cases in said reviewing court, and shall stand for hearing on the trial docket of said court from day to day until heard and submitted."

It is the manifest purpose of this whole section to require a speedy disposition of reviews in criminal cases. It says the briefs "shall be filed" in thirty days and nowhere is there expressly given to the court power to extend that time. Following this clearly-expressed provision and its spirit, we think it is the duty of the court to dismiss this appeal, and it is so ordered.

The practical effect of this action is no different than would result from overruling the motion to dismiss the appeal. All of the assignments of error relate to occurrences at the trial and can only come to the attention of this court by a bill of exceptions. There being none available for the reasons before stated, hence no prejudicial errors appearing on the record, this court could only affirm the judgment below, were the appeal not dismissed.

Appeal dismissed.

LLOYD and OVERMYER, JJ, concur.