THE STATE, EX REL. ANDERSON, *v.* SPENCE ET AL., JUDGES.

*Bills of exceptions — Cases certified to supreme court — Section 11564, General Code, applies — Forty-day limitation for filing — Duty of judges of courts of appeals.*

1. Section 11564, General Code, fixes the time within which a bill of exceptions is to be filed, and its provisions apply to a case tried on appeal in the court of appeals where the record of the court is ordered to be certified to this court upon the grounds that the case is one of public or great general interest and that error has probably intervened.

2. In such a case, where a bill of exceptions is not filed within the statutory time, the judges of the court of appeals are without authority to allow and sign such bill, and this court cannot compel them to allow and sign the same.

(No. 15197 — Decided May 16, 1916.)

In MANDAMUS.

This case was submitted upon a demurrer to the petition in mandamus filed in this court.

On the 10th day of December, 1915, in an action pending in the court of appeals of Belmont county,

on appeal from the court of common pleas, in which Ella L. Galloway and Eva E. Coventry, as administratrices of the estate of Sarah Coventry, deceased, were plaintiffs, and the relator herein, John H. Anderson, was defendant, a judgment was rendered in favor of plaintiffs. On the same day a motion for new trial was overruled. On the 2d day of February, 1916, the relator herein, who was defendant in the case in the court of appeals, filed a motion in this court for an order directing the court of appeals to certify its record in the case to this court, upon the grounds that the case was one of great general interest and that error had probably intervened. This motion was allowed on the 29th day of February, 1916, and an order was thereupon issued out of this court directing the court of appeals to certify its record to this court. On the 11th day of March, 1916, a petition in error was filed in this court by the relator herein. Thereafter, on the 21st day of March, 1916, the relator filed in the office of the clerk of the court of appeals of Belmont county a true bill of exceptions in said case of *Galloway et al.* v. *Anderson,* and notice of the filing of said bill was given to counsel for plaintiffs in said case. The judges of the court of appeals, Hon. W. H. Spence, Hon. John Pollock and Hon. Willis S. Metcalfe, the defendants herein, although admitting that said bill of exceptions is true, have refused and still refuse to allow and sign the same. The relator prays that a writ of mandamus may issue commanding said defendants to allow and sign said bill.

· *Mr. Fred Spriggs; Mr. T. C. Ayers* and *Messrs. Kennon & Kennon,* for relator.

*Mr. C. S. Sheppard* and *Mr. W. O. Chappell,* for defendants.

NEWMAN, J.   The authority for the filing of a bill of exceptions is found in Section 11564, General Code, which is as follows:

"When the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry, or the exception is to the decision of the court on a motion to direct non-suit, or to arrest the evidence from the jury, or for a new trial for misdirection to the jury, or because the verdict, or if a jury is waived, the finding of the court is against the law and the evidence, or on the admission or rejection of evidence, the party excepting must reduce his exceptions to writing, and file them in the cause, not later than forty days after the overruling of the motion for a new trial, or the decision of the court, when the motion for a new trial is not filed."

In the case under consideration the motion for a new trial was overruled on the 10th day of December, 1915.   The bill of exceptions was filed with the clerk of the court of appeals on the 21st day of March, 1916, one hundred and two days after the motion for a new trial was overruled. The requirement in Section 11564, *supra,* that "the party excepting must reduce his exceptions to writing, and file them in the cause, not later than forty days after the overruling of the motion," is mandatory.   (*Pace* v. *Volk,* 85 Ohio

St., 413.)   It was incumbent, therefore, upon the relator, and his imperative duty, according to the provisions of the statute we have quoted, to file his bill not later than forty days after the overruling of the motion for a new trial, and not having done so he could not invoke the aid of the statutes which provide for the allowance and signing of the bill.

But it is insisted that the order of certification of this court made it mandatory upon the court of appeals to allow and sign a bill of exceptions regardless of the fact that the statutory time for the filing of the same had expired.   In cases of public or great general interest where error has probably intervened, the order of this court is that the court of appeals certify its record to this court; that is, the record of the court of appeals made up according to law.   Although the jurisdiction of this court is conferred by the constitution, yet the method of exercising it may be provided by law.   Section 11564, *supra,* was in force when the constitutional amendments of 1912 became effective, and not being inconsistent with any of their provisions has continued in force.   It prescribes a mode of procedure as to the taking of exceptions and fixes the time within which a bill can be filed.   The bill becomes an original paper in the case, within the meaning of Section 12263, General Code, and it is not necessary that there be a journal entry ordering such bill to be made a part of the record in order to entitle it to be considered by a reviewing court.   (*Strauch* v. *The Massillon Stoneware Co.,* 71 Ohio St., 295.)   But

before it can become a part of the record of the court of appeals as an original paper the statutes must be complied with.    Therefore, the rule of procedure adopted by the general assembly controls, and if the aggrieved party has failed to comply with its provisions this court cannot nullify such rule and grant him relief.    The case of *City of Akron* v. *Roth,* 88 Ohio St., 456, is relied on by counsel for relator as an authority in support of his contention that this court may direct the court of appeals to allow and sign a bill of exceptions after the order of certification is made, although the statutory time has expired.    Under the constitutional provision the general assembly is authorized to prescribe a limitation of time for the making of an application for an order of certification.    No limitation of time having been prescribed by the general assembly a limitation of seventy days was fixed by this court in *City of Akron* v. *Roth, supra.*    This court took the position that the entire subject seemed to be within its authority to prescribe such rules as are *consistent* with law for the proper institution of cases here and their conduct before it.    But if this court were to permit the aggrieved party to wait until it had passed upon the application for an order of certification before a bill of exceptions is filed in the court of appeals, it would be establishing a rule wholly inconsistent with Section 11564, which places a limitation of forty days from the overruling of the motion for a new trial for the filing of the bill.

It is said that in cases like the one under con-

sideration the court of appeals is the court of last resort until the granting of the motion by this court for an order of certification, and the court of appeals would therefore be justified in refusing to allow and sign a bill until the order of certification is granted, upon the ground that such action was premature and not within its authority. We do not think so. In *City of Akron* v. *Roth, supra,* it was held that a showing must be made upon the hearing of the application for an order of certification that the case is one of public or great general interest and that error has probably intervened. It may be that in some cases the question of probable error suggested in the application for an order of certification can be determined only by an examination of a bill of exceptions to ascertain just what action was taken by the court of appeals in reference to the matter complained of. Such a bill may not be necessary where there is no controversy between counsel as to the rulings made by the trial court, but if a difference of opinion should arise this court would of necessity be compelled to resort to a bill of exceptions, duly authenticated, to ascertain just what action was taken in the trial of the case.

Our holding is that the filing of a bill of exceptions is controlled by statute, and the relator not having complied with the same is not entitled to relief.

*Writ refused.*

NICHOLS, C. J., JOHNSON, DONAHUE, WANA-MAKER, JONES and MATTHIAS, JJ., concur.