By the Court.
The judgment sought to be reversed was rendered in favor of defendants in error on appeal in the court of appeals of Belmont county. Upon application of plaintiff in error, the court of appeals was ordered to certify its record to this court. A bill of exceptions was filed in the court of appeals after the time fixed by law for the filing of. the same had expired. A proceeding in mandamus was then instituted in this court to compel the court of appeals to allow and sign this bill of exceptions, which that court had refused to do. The relief sought in the mandamus proceedings was denied. (State, ex rel. Anderson, v. Spence et al., Judges, 94 Ohio St., 252.) Plaintiff in error, however, filed in this court what purports to be a transcript of the testimony in the court of appeals, which *86 is embodied in a printed record. He filed also a record in this court containing merely the pleadings in the case and the journal entries in the lower courts. TJpon motion, the so-called transcript of the testimony and the printed record containing the same were stricken from the files of this court.
The original action was one in which the defendants in error asked that plaintiff in error be required to specifically perform a certain contract of sale and pay to them a balance of purchase money due thereunder. Defendants in error, as administratrices of the estate of Sarah Coventry, deceased, under authority of the probate court, sold at judicial sale certain real estate of which the said Sarah Coventry died seized. This real estate, according to the allegations of the petition, was offered for sale and the plaintiff in error bid to pay therefor the sum of $7,200. This sale was confirmed by the probate court and plaintiff in error paid to defendants in error on account of the purchase price the sum of $200. They executed and delivered to him a good and sufficient deed conveying the premises, and they allege in their petition that they have complied with all the conditions of the sale, that possession of the premises has been delivered to plaintiff in error, and that he accepted the same. In the amended answer the filing in probate court of the petition for the sale of the real estate, the issuing of an order of sale therefor, and the advertising and selling of the same at the time advertised, are admitted, but each and every other allegation in the petition is denied. As a *87 further defense it is set up that no note or memorandum in writing of the contract set out in the petition was ever made by plaintiff in error or by anyone authorized by him, and as a third defense it is denied that at the time of her decease Sarah Coventry had the title to more than nine-tenths of the real estate described in the petition. To this amended answer a reply was filed in which the allegation in the amended answer, that there was no memorandum in writing, and the allegation in the third defense as to the title, were denied.
Counsel for plaintiff in error in their brief assign several reasons why the judgment of the court of appeals should be reversed. They insist that judicial sales are within the statute of frauds and a memorandum in writing should be signed by the purchaser at such sale, or by his agent duly authorized. They say that the decedent, Sarah Coventry, had no legal title to more than nine-tenths of the acreage of the land in question, and they urge further that there were irregularities in the proceedings in probate court and in the sale of the property, which defeated a recovery by the defendants in error.
The court of appeals was not requested to and did not state its conclusions of fact separately from its conclusions of law. There was a finding on the issues joined in favor of the defendants in error and this general finding is sufficient to support the judgment. The questions presented by plaintiff in error cannot be determined by the record before us, consisting of the pleadings and journal entries *88 only, and therefore the judgment of the court of appeals is affirmed.

Judgment affirmed.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman, Jones and Matthias, JJ., concur.