Matthias, J.
 

 The only question now presented in this case involves the construction of the language of Section 13680, General Code, as amended in 110 Ohio Laws, 301, or rather the application of the provisions of that section to the facts presented in this case. Its language is clear and unambiguous. The provision that a defendant feeling himself aggrieved by a decision of the court may present his bill of exceptions thereto, which the court shall sign, and that such bill of exceptions shall be made a part of the record and have like force and effect as in civil cases, is followed by this language:
 

 “The court shall fix the time within which such bill of exceptions shall be filed, which shall in no case be more than thirty days from the overruling of the motion for a new trial.”
 

 No argument can modify the mandatory effect of such language; even an order of the court cannot extend the time within which a bill of exceptions may be filed beyond the limit fixed by
 
 *105
 
 the statute, which is 30 days. In no case can it be more than 30 days.
 

 The well-established' rule that remedial provisions shall be liberally construed cannot be applied to relieve such a provision of its mandatory character. In the cases
 
 Cincinnati Traction Co.
 
 v.
 
 Ruthman,
 
 85 Ohio St., 62, 96 N. E., 1019, Ann. Cas., 1913A, 911, and
 
 Pace
 
 v.
 
 Volk,
 
 85 Ohio St., 413, 98 N. E., 111, this court held that a party should not be deprived of an opportunity of having his case reviewed by the failure of an official to perform a ministerial act after the exceptor had reduced to writing and duly filed his bill of exceptions in the office of the clerk within the time limited by law, but at the same time held that the requirement that “the party excepting must reduce his exceptions to writing, and file them in the cause, not later than forty days after the overruling of the motion for a new trial,” is mandatory.
 

 The cases to which we have just .referred, and others, deal with provisions of the statute which have been declared to be directory in character, but, while doing so, as w© have seen, do not relieve the exceptor of the discharge of the duty which is by positive language imposed upon him.
 

 Where a bill of exceptions is not filed within the statutory time, the judge is without authority to allow and sign such bill.
 
 State ex rel. Anderson
 
 v.
 
 Spence,
 
 94 Ohio St., 252, 113 N. E., 1048. It is urged that the limitation is not affected in this instance because a motion for a new trial was not in fact filed. The journal entry, through which, of course, the court speaks, discloses that
 
 *106
 
 on the same day on which the verdict was returned a motion for a new trial came on to be heard and was argued by counsel and overruled by the court, and an exception thereto taken by the defendant; and as a matter of fact one of the grounds stated and relied upon by the plaintiff in error in the .Court of Appeals and here is that the court of common pleas erred in overruling the motion of defendant for a new trial. If it be true that a written motion for a new trial was not filed in the court of common pleas, and counsel for plaintiff in error is correct in the contention that the limitation of time cannot begin to run until the filing of such motion, he could confer upon his client the favor of an indefinite period of time in which to prepare and file a bill of exceptions by the very simple and expedient act of refraining from filing a motion for a new trial. It appears, however, that if it be considered that the overruling of the motion for a new trial became effective at the expiration of the 3-day period within which such motion is required to be filed, and the limitation of 30 days for a bill of exceptions be calculated from that time, even this liberality of construction would not avail the plaintiff in error, for his bill of exceptions was filed four days later than the 30 days even thus liberally calculated.
 

 Even if it be true, as claimed, that the failure to procure and file a bill of exceptions within the time prescribed by law was caused by the inexcusable delay on the part of the court reporter to furnish a transcript, the party seeking to prose
 
 *107
 
 cute error is not thereby relieved from the responsibility placed upon him by statute.. He cannot delegate his duty, nor evade his responsibility. A party may procure a transcript of the evidence from the stenographer, who is required to furnish it on payment of the legal fee therefor; but in such event the only duty of the stenographer is to furnish such transcript. That is the most convenient way, and now the almost universal practice, but not the only method of preparing a bill of exceptions. The burden is upon the complaining party to comply with the mandatory requirements of the statute in any and all events if he desires to procure a review of an adverse judgment.
 
 Searles
 
 v.
 
 Cowdrick,
 
 21 C. C. (N. S.), 378, affirmed by the Supreme Court without opinion 91 Ohio St., 371, 110 N. E., 1067.
 

 The enforcement of limitations of a statute providing for the time and manner of .prosecution of error is not a denial of due process of law, and therefore no violation of the provisions of Section 1, Art.
 
 XW
 
 of the 'Constitution of the United States, for it is wholly within the discretion of each state to refuse a review in criminal cases or to grant it upon such terms as it prescribes. 12 Corpus Juris, 1209, and numerous cases cited.
 

 The conclusion is irresistible that there was no valid bill of exceptions, and it appearing that none of the questions presented by the plaintiff in error can be determined upon the record properly before us, consisting of the indictment, plea and journal entries heretofore referred to, and there being no question as to the validity of the indict
 
 *108
 
 ment, it follows that the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.