THE STATE OF OHIO, APPELLEE, *v.* BELL, APPELLANT.

(Decided April 28, 1936.)

*Mr. Jonathan S. Hare,* for appellee.
*Mr. Willard D. Campbell,* for appellant.

MONTGOMERY, J.  The appellant, Sherman W. Bell, was indicted in the Court of Common Pleas for the unlawful and unintentional killing of another, while engaged in the violation of certain statutory requirements, applying to the use and regulation of traffic, on a certain state highway.  The accused waived in writing trial before a jury, and submitted to trial before the Common Pleas judge, who found him guilty as charged, overruled a motion for new trial, and imposed sentence.  From that judgment of conviction an appeal was perfected to this court.

The state of Ohio, as appellee, has interposed a motion to dismiss on two grounds, to-wit: That appellant did not file any brief in this court, as required by statute; and that no bill of exceptions was filed with the trial court within the time fixed by statute.

The record shows that the motion for a new trial was overruled February 6, 1936; that the notice of appeal was filed February 25, 1936; that the bill of exceptions was filed on the thirty-sixth day after the overruling of the motion for new trial; that appellant has filed no brief in this court, except a memorandum in opposition to the motion to dismiss; and that at the time of the submission of the cause to this court forty-two days had elapsed from the date of the filing of the notice of appeal.

It is urged by appellant that the motion to dismiss is not well taken because of the provisions of Section 12223-4, General Code, a section of the new appellate procedure act declaring that "no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional." That provision of the statute does not solve the instant problem. No jurisdictional question is here raised by the state of Ohio. It simply urges summary disposal of the case because of other statutory requirements, and because of the state of the record, as heretofore recited.

As to the brief it is to be observed that Section 13459-3, General Code, directs that "The brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal." Rule 7 of this court provides that "Counsel for appellant shall, within fifty (50) days after filing notice of intention to appeal, file with the clerk his assignments of error and briefs and bill of exceptions."

As heretofore stated, only forty-two days had elapsed between the filing of the notice of appeal and the submission of the cause. Counsel might have with-

held, until the fiftieth day, the filing in this court of his brief and bill of exceptions, but under Section 13459-3, General Code, they are to be filed at the same time. We could with propriety sustain the motion to dismiss for failure to file brief, but we are not doing so, since the procedure is new to counsel and the court, and because we deem it important to pass upon the other branch of the state's motion. The motion to dismiss for failure to file brief is overruled for the reasons indicated.

Counsel for appellant insists that under Sections 12223-8 and 13459-3, General Code, his bill of exceptions was filed within the time required and is properly before us for consideration.

Section 12223-8 reads in part that ''the transcript of the testimony or bill of exceptions or so much thereof as may be necessary for said appeal may be filed within such time as is provided for in the rules of court.'' And rule 7 of this court has fixed the limit of fifty days after the notice of appeal. Section 13459-3, General Code, which provides for the appeal in criminal cases, recites that it shall not be necessary to include a bill of exceptions in the transcript, but that such bill of exceptions may be attached in lieu of the transcript, and this section further authorizes the reviewing court to order a more complete record.

However, Section 13445-1, General Code, is still in force. It was not repealed by this new appellate procedure act. It was not mentioned by amendment or otherwise. It is as follows:

''If a defendant feels himself aggrieved by a decision of the court, he may present his bill of exceptions or objections thereto which the court shall sign, and it shall be made a part of the record and shall have like force and effect as in civil actions. If exceptions be taken to the decision of the court overruling a motion for a new trial because the verdict is not sustained by sufficient evidence or is contrary to law, such bill must

contain all of the evidence; but if the exceptions be to other ground than that the evidence is not sufficient or is contrary to law, the bill of exceptions need not contain all the evidence, but only so much thereof as may be necessary to properly present the alleged errors; provided in the latter case that the Court of Appeals or Supreme Court shall have authority to order a full transcript of the evidence if it deems the same necessary to a proper consideration of the case. The Court shall fix the time within which such bill of exceptions or objections, shall be filed, which, in no case, shall be more than thirty days from the overruling of the motion for a new trial."

It was not in our judgment repealed by implication. The provisions of this new act and the rules of court made in pursuance thereof, in so far as they deal with bills of exceptions, simply regulate the filing in this court. The new act does not change the statutory requirement as to the time within which such bill shall be submitted to the trial judge, and of course a rule of court could not obviate a statutory requirement.

This Section 13445-1, General Code, is a part of the criminal code. It is interesting to note that the corresponding section in the civil code, Section 11564, General Code, was not repealed, but was amended, and amended in this respect only, that if an appeal be attempted on questions of law and fact, and the Court of Appeals determines that it cannot be so heard, and no bill of exceptions has been filed, the court may fix a time, not exceeding thirty days, for the preparation and submission of such bill. The original requirement in Section 11564, General Code, that a bill of exceptions must be filed not later than forty days after the overruling of a motion for new trial, is retained in the amended section as a part of this appellate procedure act. In a criminal case there would be no appeal, except on questions of law, hence this addition to Sec-

tion 11564, General Code, would not be necessary to . Section 13445-1, General Code.

It seems to us that Section 11564, General Code, in the civil code, and Section 13445-1, General Code, in the criminal code, are in full force, and, except as indicated, in no way affected by the new procedure. The latter regulates the filing in the appellate court, not the submission to the trial court.

Since the questions raised by the appellant are such as can be disclosed only by a bill of exceptions, and since the bill of exceptions proffered in this case is not available, we are governed by the decision of the Supreme Court in the case of *Luff* v. *State,* 112 Ohio St., . 102, 146 N. E., 892. Instead of sustaining the motion to dismiss, however, the proper procedure would seem to be to affirm the judgment of the Court of the Common Pleas, and the same is accordingly done.

*Judgment affirmed.*

LEMERT, P. J., and SHERICK, J., concur.