## CARPENTER v M O'NEIL CO

Ohio Appeals, 9th Dist, Summit Co

No 2759. Decided Sept 22, 1936

Musser, Kimber & Huffman, Akron, for the motion.

Hutchinson & Firestone, Akron, contra.

### OPINION

By STEVENS, J.

This cause is an appeal on questions of law. A motion to strike the bill of exceptions from the files has been filed by appellee, upon the ground that said bill of exceptions was not filed in the trial court within the time prescribed by law, and a judgment of affirmance is also sought. The record discloses the following:

January 31, 1936. Verdict for defendant.

February 3, 1936. Motion for a new trial filed.

February 17, 1936. Motion for a new trial overruled and judgment for defendant entered.

February 28, 1936. Notice of intention to appeal on questions of law filed.

April 16, 1936. Bill of exceptions filed in Court of Common Pleas.

May 1, 1936. Bill of exceptions filed in Court of Appeals.

It is claimed by appellant that, the filing of the notice of appeal being made by statute the only jurisdictional requisite in the perfection of an appeal, this court, in its discretion, may permit the bill of exceptions to be filed in the trial court after the 40-day period prescribed by §11564, GC.

It will be observed that the contents of §11564, GC, have not been changed by the new appellate act in respect to the time within which the bill of exceptions must be filed in the trial court, and with the exception of the added provisions with reference to appeals on questions of law and fact, the section is substantially the same as it was before the new appellate act became effective.

Under the old statute governing the filing of bills of exceptions in error proceedings, the Supreme Court, in **Pace v Volk, 85 Oh St 413**, said:

"1. Proceedings in error being statutory, the requirement of §11564, GC, that the party excepting must reduce his exceptions to writing, and file them in the cause, not later than forty days after the overruling of the motion for a new trial' is mandatory * * *."

It was the settled law of this state, under the old statutes governing error proceedings, that failure to file the bill of exceptions in the trial court within the time limited by law, deprived the reviewing court of the right to examine the contents of the bill of exceptions.

The re-enactment of §11564, GC, as amended, has not, in our judgment, relieved the appellant from the duty of filing his bill of exceptions in the trial court within the time required by law. The very re-enactment of that section contemporaneously with the passage of the new appellate act would seem to militate against such a conclusion, and there is nothing contained in said section as it now exists which indicates an intention on the part of the legislature to change the settled rule with reference thereto.

The appellant herein, by filing his no-

tice of appeal within the time prescribed by law, vested this court with jurisdiction to hear and determine the case; however, his failure to file the bill of █ exceptions in the trial court within the statutory period, incapacitates this court to consider the contents of the bill of exceptions, and thereby deprives the appellant of the opportunity to show the errors demonstrable only by use of the bill of exceptions.

Counsel for appellant having stated in open court that only through the medium of the bill of exceptions could he demonstrate to the court the errors of which he complains, and that, without said bill, no errors appear of record, no █ alternative is left to this court but to affirm the judgment of the trial court, and it is accordingly ordered that said judgment be affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.