## ARRASMITH, ESTATE OF, In Re

Ohio Appeals, 4th Dist, Adams Co

Decided Oct 31, 1936

E. S. Young, West Union, for appellant.
Charles H. Wilson, West Union, for appellee.

## OPINION

By BLOSSER, J.

Exceptions were filed by Virginia Daniel to the first and final account of H. M. McCreight, administrator of the estate of J. H. Arrasmith, deceased, in the Probate Division of the Court of Common Pleas of Adams County. The exceptions were overruled in part and sustained in part by a judgment entered in that court January 30, 1936. The administrator thereupon filed his notice of appeal on questions of law and fact.

The jurisdiction of the Courts of Appeals is fixed by §6, Article IV, of the Constitution of Ohio and such courts have "appellate jurisdiction in the trial of chancery cases" and no other class of cases. The legislature has the right to provide by law for the exercise of the jurisdiction of such courts. Daily, Admr. v Dowcy, Ohio Bar July 22, 1936. **52 Oh Ap 84.**

It is said in 2 **Ohio Jur. 114:**
"An appeal to the Court of Common Pleas of the settlement of an account of

78

an executor in the Probate Court is purely statutory and does not constitute a chancery case, and the judgment of the Court of Common Pleas upon such an appeal from the Probate Court is not appealable to the Court of Appeals under §6, **Article IV. of the Constitution."**

The appeal in this case should have been on questions of law and not on questions of law and fact to meet the requirements of §§12223-1 and 12223-5, GC. After setting forth that the notice of appeal shall designate the order appealed from the latter section provides:

"The failure to designate the type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the appellate court in the furtherance of justice for good cause shown."

**Sec 11564 GC** of the new appellate procedure provides that a bill of exceptions must be filed in the trial court when an appeal is taken on a question of law.

"* * * not later than forty days after the overruling of the motion for a new trial or the decision of the court when the motion for a new trial is not filed. Provided, whenever an appeal is taken on questions of law and fact and the Court of Appeals determines that the case can not be heard upon the facts and no bill of exceptions has been filed in the cause, that the Court of Appeals shall fix the time, not to exceed thirty days, for the preparation and settlement of a bill of exceptions."

It thus follows that where an appeal is taken on questions of law and fact and the Court of Appeals determines the case should have been appealed on questions of law it is within the discretion of the court to permit an amendment of the notice of appeal and that when such amendment is permitted the court shall fix the time for the preparation and settlement of a bill of exceptions in civil cases.

A different situation arises where the party to an appeal from a judgment rendered in a criminal case erroneously designates in the notice that the appeal is upon questions of law and fact. When the court determines that the case is not a chancery case and therefore the appeal should have been on questions of law it may permit the notice to be amended but it has

no authority to fix a time for the preparation and settlement of a bill of exceptions. This is so for the reason that §13445-1 GC, enacted and in force prior to the adoption of the new appellate procedure and requiring that a bill of exceptions in criminal cases be filed in thirty days, was not amended or repealed either expressly or by implication by the new appellate procedure. Bell v State, Ohio Bar June 15, 1936. **52 Oh Ap 11.**

The provisions of §11564 GC governing the filing of bills of exceptions in civil actions prior to the adoption of the new appellate procedure were amended by the act establishing that procedure and the old section is therefore in force except as amended. Bell v State, supra. The amendment consisted of two apparently unimportant changes of the word "exception" to "objection" in the new section and the addition of the provision quoted and the procedure for filing bills of exceptions in the Supreme Court. The Court of Appeals has no authority to fix a time for the preparation and settlement of a bill of exceptions in a civil case except under the express conditions set forth in §11564 GC as amended. Consequently when an appeal is taken on questions of law in a proper case (that is, one that is not a chancery case) and a bill of exceptions is necessary to show the errors complain- ed of and such bill of exceptions has not been filed within the time provided by §§13445-1 or 11564, GC, depending on whether the case is a criminal or a civil case as to which section is applicable, the Court of Appeals has no authority to fix a time for the preparation and settlement of a bill of exceptions. By §12223-4 GC jurisdiction is conferred upon the Court of Appeals in such a case by the filing of the notice of appeal. Under such circumstances the appeal should not be dismissed for the failure to file a bill of exceptions but the case can be presented to and reviewed by the court upon the record presented without a bill of exceptions and the judgment modified, reversed or affirmed.

Attention is called to the recent case of Sommers v DeRan, Ohio Bar October 19, 1936, **53 Oh Ap 87.**

The court is not inclined at this time to require a showing of good cause as a condition in permitting an amendment of a notice of appeal where a mistake is made in designating the nature of the proper appeal through the misapprehension of counsel. However, this statement and the action of the court in permitting such

amendment in the instant case is not to be considered as controlling in all cases.

The administrator will be given leave to amend the notice of appeal from an appeal on questions of law and fact to an appeal on questions of law and not to exceed thirty days from the filing of an entry hereon for the preparation and settlement of a bill of exceptions. An assignment of errors and briefs should be filed in accordance with the rules of the court, which counsel will also follow in the preparation of the necessary entry in connection herewith.

MIDDLETON, PJ, and McCURDY, J, concur.