### STATE ex EVERTS v JACKSON et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1410.   Decided Dec 3, 1936

John W. Bricker, Attorney General, Columbus, and Herbert D. Mills, Dayton, for appellees.

Kerr, Kerr & Kerr, Tippecanoe City, for appellant.

## OPINION

By BARNES, PJ.

Plaintiff, appellee has filed motion asking that the action in this court be dismissed for the reason that the appellants have failed to file briefs within the time prescribed by Rule VII of this court.

The final entry of judgment was entered May 12, 1936. Therein motion · for new trial was overruled, personal judgment entered against the defendants in the sum of $12,835.00 and costs and an order of foreclosure.

Notice of appeal was filed March 30, 1936, and in the written notice of appeal it was specifically stated that the appeal is on questions of law and fact.

Under the new procedural act effective January 1, 1936, appeal on question of law and fact is defined by §12223-1 GC, subdivision 3 which reads as follows:

"3. 'The appeal on question of law and fact' shall be construed to mean a rehearing and re-trial of a cause upon the law and the facts and shall include all the proceedings heretofore and otherwise designated as an appeal and shall be the same as may be designated by the phrase 'appeal on questions of fact'."

In other words this means that defendants are seeking a de novo hearing. Under the constitution the only instances in which de novo hearings may be granted are chancery cases. In the instant case the first cause of action as set forth in the petition seeks personal judgment on a promissory note and is tryable at law. The second cause of action seeking foreclosure of a mortgage, while a statutory proceeding, is recognized as a chancery action and if a proper issue is raised the right to foreclose may be appealed on a question of law and· fact. The courts of this state have frequently been called upon ·to determine whether or not an action for personal judgment and foreclosure of mortgage was ap-pealable. The rule is definitely established that the question is determined from the issues joined.

If the controversy revolves around the amount due on the note and the cause of action for foreclosure is merely incidental, the case was not appealable. On the other hand, if the real controversy involved the right to foreclose and the amount due· on the note is only incidental, the action was appealable. Measured by the above standards in the light of the petition and the second amended and supplemental answer, we have no difficulty in determining that the entire controversy revolved around the question of the amount due and hence was an action at law not appealable on a question of law and fact but would properly be appealable on a question of law.

Appellant after giving notice of appeal on question of law and fact did give an appeal bond in the sum of $100 which was approved by the trial court. There is a very serious question if the amount of the bond complied with §12223-8 GC and following sections, but notwithstanding this questionable infirmity it would meet the jurisdictional requirements. See §12223-9 GC.

It is specifically provided by §12223-22 GC that the appeal shall not be dismissed by reason of the fact that the appellant has erroneously designated his appeal as appeal on law and fact instead of on question of law. Subdivision 2 of the above section reads as follows:

"Whenever an appeal on question of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to· re-try the facts the appeal shall not be dismissed but it shall stand for hearing on question of law."

This court now determines that the appellant is not permitted to re-try the facts de novo and further determine that· from this date the cause shall stand as an· appeal on questions of law.

This means that the case will be heard as a proceeding in error upon the record made in the trial court. The requisite for hearing on this type of appeal is a bill of exceptions or its equivalent. The provisions relating to motion for new trial where review is sought on factual questions has not been changed and remains a requisite. In the instant case the motion for new trial was filed and overruled before enter-

ing of the final judgment. Counsel for appellant is very fortunate that he had the foresight to file his motion for new trial. Under an appeal on question of law the time for filing bill of exceptions remains the same as under the old proceedings in error. However, under situations where counsel mistake their remedy and file their appeal on question of law and fact instead of question of law the reviewing court if determining the question that the case is not one in chancery and therefore can not be heard de novo may, if no bill of exceptions has been filed, grant additional time for the preparation and settlement of a bill of exceptions.

Sec 11564 GC so provides. So much of the second paragraph of the above section as is pertinent reads as follows:

"Provided whenever an appeal is taken on question of law and fact and the Court of Appeals determines that the case can not be heard upon the facts and no bill of exceptions has been filed in the cause, that the Court of Appeals shall fix the time not to exceed 30 days for the preparation and settlement of a bill of exceptions."

It follows from the summarization of the new procedural act on appeal that the motion of appellee to dismiss the proceedings for failure to file brief within the time prescribed under Rule VII of our court will be denied. However, we do, on our own motion, determine that the cause is not properly appealable upon a question of law and fact but was appealable on a question of law. Following the provisions of §12223-22 GC, paragraph 2, we determine that the cause shall stand for hearing as an appeal on question of law. Again following the directory provisions of §11564 GC we grant to appellant a period of 30 days from the filing of the journal entry in conformity to this decision for the preparation and settlement of a bill of exceptions. The time for filing briefs shall be as follows, appellant within 15 days following the filing of the bill of exceptions, appellee within 15 days following the receipt of brief from appellant. Reply brief of appellant within 5 days after receipt of brief from appellee.

Journal entry may be prepared in conformity to this opinion.

Exceptions will be allowed to all parties feeling themselves aggrieved. Costs will follow the case.

CRAIG, PJ, and HORNBECK, J, concur.