## CONTINENTAL AUTOMOBILE MUTUAL INS CO et v MORTON

Ohio Appeals, 9th Dist, Medina Co

No 145. Decided Jan 7, 1937

W. A. Walter, Mansfield, and Van Epp & Porter, Medina, for appellants.

John H. McNeal, Cleveland, Harley J. McNeal, Cleveland and John A. Weber, Medina, for appellee.

## OPINION

By STEVENS, J.

The action in the Court of Common Pleas arose out of a collision between a truck owned and operated by the Wooster Farm Dairies Co., and an automobile owned and operated by the defendant, which collision occurred on September 24, 1932.

On September 21, 1934, the Continental Automobile Mutual Insurance Co., having paid to the Wooster Farm Dairies Co. the damage resulting to its property from said collision, brought suit against the defendant, Howard F. Morton, to recover the sum of $1,464.70; that being the amount paid by it to the Wooster Farm Dairies Co., and said insurance company having been subrogated to the rights of said dairies company.

It will be observed that the petition of the plaintiff was filed three days before the statute of limitations had run against plaintiff's cause of action. Within rule, the defendant filed his original answer, and a counterclaim, which latter pleading was originally termed a cross-petition.

Plaintiff thereupon demurred to said counterclaim upon the ground that the same was barred by the statute of limitations; whereupon, defendant asked for and received leave to file an amended answer and counterclaim, in which pleading affirmative relief against the Wooster Farm Dairies Co. was asked.

Plaintiff then demurred to said amended answer and counterclaim for the same reason—ie., that the cause of action against plaintiff was barred by the running of the statute of limitations. Said demurrer was overruled by the trial court.

Thereafter, plaintiff filed a motion to require the defendant to separately state and number its defenses and causes of action;

which motion was likewise overruled by the trial court.

The case came on for hearing before a jury, and, at the conclusion of plaintiff's evidence, a motion for a directed verdict was made by the defendant, which motion was sustained, and the jury instructed to return a verdict in favor of the defendant upon the causes of action set out in plaintiff's petition. For reasons hereinafter given, we can not determine the propriety of that ruling.

The cause, however, proceeded to further hearing upon the counterclaim of the defendant against the Wooster Farm Dairies Co., and the jury returned a verdict in favor of the defendant and against the plaintiff the Wooster Farm Dairies Co., upon which verdict judgment was thereafter entered.

Notice of appeal was duly given, but the transcript and certificate of journal entries discloses that a purported bill of exceptions was filed in the trial court sixty-six days after the entry of judgment.

The matter is before this court upon appeal on questions of law.

Appellee has filed a motion to strike the bill of exceptions from the files, on the ground that said bill was not filed in the trial court within the statutory period.

The appellant herein, by filing his notice of appeal within the time prescribed by law, vested this court with jurisdiction to hear and determine the case; however, his failure to file the bill of exceptions in the trial court within the statutory period, incapacitates this court to consider the contents of the bill of exceptions, and thereby deprives the appellant of the opportunity to show the errors demonstrable only by use of the bill of exceptions. **State v Bell, 52 Oh Ap 11; Hoke v State, ex rel Payne, 20 Abs 517; and Carpenter v M. O'Neil Co., 22 Abs 657.**

The only claimed errors other than those demonstrable through the medium of the bill of exceptions are the ruling of the trial court upon the demurrer of plaintiff to defendant's counterclaim, and the ruling of the trial court upon plaintiff's motion to require defendant to separately state and number his causes of action.

We are of the opinion that no error intervened when the trial court overruled plaintiff's demurrer to the amended counterclaim of defendant, for the reason that the statute of limitations ceases to run against a counterclaim from the date of the commencement of the action in which it is pleaded. **McEwing v James, 36 Oh St 152, Syl. 2, and Bryant v Swetland, 48 Oh St 194.**

There can be no doubt but that the cause of action set up in defendant's counterclaim was properly a counterclaim arising out of the transactions set forth in the petition as the foundation of plaintiff's claim, and the mere fact that defendant's counterclaim was erroneously designated as a cross-petition was not fatal to defendant's right to interpose his claim against plaintiff, because the character of a pleading is determined by the averments it contains, and not by the name given to it. **City of Cincinnati v Cameron, 33 Oh St 336, Syl 1.**

It is claimed by plaintiff that, the petition of the plaintiff having in effect been dismissed by the return of a directed verdict thereon, and no service having been obtained by defendant upon its counterclaim, no affirmative relief could be accorded to the defendant against plaintiff, after a directed verdict for defendant upon plaintiff's petition.

It will be observed that plaintiff first demurred to the cross-petition of the defendant, and, after said demurrer was overruled, he filed a motion to require defendant to separately state and number his causes of action. Such pleadings effectively entered the appearance of the plaintiff in the action set out in the counterclaim of the defendant; service of summons upon said counterclaim was then unnecessary, and the court had jurisdiction over the subject-matter of the action and of the parties so as to properly permit of the return of the verdict and the rendition of judgment thereon, upon the claim set forth in defendant's counterclaim.

We are also of the opinion that no error intervened in the trial court's overruling of plaintiff's motion to separately state and number because, by the filing of a demurrer, plaintiff waived its right to make the objection which was raised by such motion. **31 O. J., "Pleading," §109, p. 672; Medley v Seiter, 39 Oh Ap 570, (10 Abs 274).**

The judgment of the trial court will be affirmed.

FUNK, PJ, and WASHBURN, J, concur.