## MORI v VAN HYNING

Ohio Appeals, 9th Dist, Lorain Co

No 804.    Decided Jan 13, 1937

D. W. Myers, Elyria, and Richard S. Horan, Elyria, for appellee.

Stetson & Butler, Elyria, for appellant.

## OPINION

By STEVENS, J.

This cause is before this court upon appeal on questions of law. The bill of exceptions herein was filed in the trial court 52 days after the entry of judgment therein, and was filed in the Court of Appeals 66 days subsequent to the entry of judgment in the trial court.

A motion has been filed by the appellee to strike the bill of exceptions from the files for noncompliance with the provisions of §11564, GC. That motion must be sustained upon the authority of **State v Bell, 52 Oh Ap 11; Hoke v State ex Payne, 20 Abs 517; and Carpenter v M. O'Neil Co., 22 Abs 657, No. 2759**, Summit County, decided by this court on Sept. 22, 1936.

The failure to file a bill of exceptions in compliance with the statute incapacitating this court, as it does, to consider the contents of the bill of exceptions, there remains to be considered only the question of the propriety of the trial court's ruling upon the demurrer interposed by appellant to the petition filed in the Court of Common Pleas by the appellee.

The action was one for the recovery of damages for personal injury and property damage, occasioned by a collision between the automobile driven by appellee, and an automobile of defendant permitted by defendant to remain on the public highway in the night season without lights or other warning of its presence.

For the purpose of testing the legal sufficiency of the petition, the demurrer admits not only the proper and well pleaded factual allegations thereof, but also the fair, reasonable and favorable intendments arising therefrom.

The question involved in a consideration of the petition filed herein is, of course,

whether or not the petition pleads wanton misconduct on the part of the defendant in such manner as to comply with the pronouncement of the Supreme Court in the case of **Universal Concrete Pipe Co. v Bassett, 130 Oh St 567.**

Syllabi 1 and 2 of that case provide as follows: :

"1. Mere negligence is not converted into wanton misconduct by the use of the word 'wanton' in connection with the specifications of negligence. If wanton misconduct is relied upon for recovery in an action for damages for personal injury, facts must be pleaded which reveal on their face the element of wantonness.

"2. Wanton misconduct is such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury. (**Higbee Co. v Jackson, 101 Oh St 75,** third paragraph of the syllabus, and **Reserve Trucking Co. v Fairchild, 128 Oh St 519,** second paragraph of the syllabus, modified.)"

From a careful study of the contents of the petition in the instant case, this court is of the opinion that the pleading does comply with the rules announced in the foregoing syllabi, and that said petition was not properly amenable to the demurrer interposed thereto; and we therefore conclude that the trial court did not err in overruling defendant's demurrer to plaintiff's petition.

It follows that the judgment of the trial court must be affirmed, and it is so ordered.

FUNK, PJ, and WASHBURN, J, concur in judgment.