Zimmerman, J.
 

 It is apparent that the controlling question in this case is whether, when an appeal is taken on questions of law, Section 11564, General Code, as now in force, requires the filing of the bill of exceptions or objections in the trial court, within forty days after the overruling of the motion for a new trial, to enable the reviewing court to consider its contents.
 

 Several of the Courts of Appeals have answered this question affirmatively, and we find ourselves in accord.
 

 The pertinent part of Section 11564, General Code, now as before amendment, pertains exclusively to the trial court.
 
 Boone
 
 v.
 
 State,
 
 109 Ohio St., 1, 7, 141 N. E., 841, 843. Compliance with its provisions constitutes the foundation for review. This section, as formerly
 
 *253
 
 effective, was couched in mandatory terms; it is now couched in mandatory terms.
 

 Under the old law it was held that if the bill of exceptions was not filed in the trial court within the time specified after the overruling of the motion for a new trial, it could not be considered by the reviewing court and, upon motion, should be stricken from the files. See,
 
 Davies
 
 v.
 
 Ry. Co.,
 
 71 Ohio St., 25, 330, 73 N. E., 213, 215;
 
 Pace
 
 v.
 
 Volk,
 
 85 Ohio St., 3, 98 N. E., Ill. Compare
 
 Luff
 
 v.
 
 State,
 
 112 Ohio St., 102, 146 N. E., 892.
 

 In view of such interpretation it would seem strange that the amendment should have been enacted in substantially the same language if it was the intention to make its provisions no more than directory.
 

 But it is argued that Section 11564, General Code, must be considered in connection with Section 12223-4, General Code, providing “The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court,
 
 * * *
 
 and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional”; and when this is done Section 11564, General Code, assumes directory significance.
 

 The answer to this contention is that the “New Appellate Procedure Act” (Section 12223-1
 
 et seq.,
 
 General Code) is concerned with practice and procedure in reviewing or appellate courts, and has no relation to the filing of the bill of exceptions in the trial court.
 

 Of course, the jurisdiction of a reviewing court over the cause is not affected by failure- to file the bill of exceptions in the trial court within the time prescribed; the failure to file it in time simply precludes the reviewing court from examining it in connection with the errors charged.
 

 If an appeal in the instant case had been taken on both
 
 law and fact,
 
 under the proviso in Section 11564,
 
 *254
 
 General Code, coupled with the provisions of Section 12223-22, General Code, quite a different situation would have been presented. ,
 

 It should also be observed that the filing of a bill of exceptions in a reviewing court under Section 12223-8, General Code, is not involved in this controversy.
 

 Since in the present case an appeal on questions of law alone was taken, and the bill of exceptions was not filed in the Municipal Court within forty days after the overruling of the motion for a new trial, the Court of Appeals properly sustained the motion tó strike the bill of exceptions from the files; and since the errors assigned could not be passed upon without the bill, the Court of Appeals could do nothing else than affirm the judgment below.
 

 The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Wbygandt, C. J., Matthias, Day, Williams, Myers and Gorman, JJ., concur.