JARBOE, APPELLEE, *v.* THE WORKINGMEN'S OVERALL SUPPLY CO., APPELLANT.

(Decided October 10, 1938.)

*Mr. John M. Jarboe, in propria persona.*
*Messrs. Slabaugh, Seiberling, Huber & Guinther,* for appellant.

DOYLE, J.   The plaintiff below, the appellee herein, recovered a money judgment in the Municipal Court of the city of Akron on May 16, 1938.

On May 24, 1938, a notice of appeal to the Court of Appeals on questions of law was filed, and on June 3, 1938, a bill of exceptions was filed in the Municipal Court.

The matter is presented to this court by the following motion: "Now comes John M. Jarboe, plaintiff and appellee herein, and represents to the court that the bill of exceptions was filed with the clerk of the Municipal Court on the 3rd day of June, 1938, more than fifteen days after the entry of judgment and the overruling of defendant's motion for a new trial; contrary to General Code Section 1579-528. Wherefore, plaintiff moves the court that said bill of exceptions be stricken from the files, and for affirmance of the judgment of the trial court."

The principal question for determination is the time within which a bill of exceptions must be filed in the trial court in order that it may be considered as a part of the record in an appeal on questions of law direct from the Municipal Court of Akron to the Court of Appeals.

That the filing of a bill of exceptions in the trial court within the time limit prescribed by law is mandatory, and that a reviewing court is incapacitated from considering the contents thereof to ascertain claimed errors, upon a failure to so file within the time limit, is no longer subject to debate.

Under the old statutes the cases are legion: *Hicks* v. *Person*, 19 Ohio, 426; *Doe* v. *Brown*, 6 Ohio St., 12; *City of Dayton* v. *Hinsey*, 32 Ohio St., 258; *Finley* v. *Whitley*, 46 Ohio St., 524, 22 N. E., 640; *Pugh* v. *State,*

*ex rel. Hall,* 51 Ohio St., 116, 36 N. E., 783; *Young* v. *Shallenberger,* 53 Ohio St., 291, 41 N. E., 518; *Griffith* v. *Murphy,* 54 Ohio St., 613, 46 N. E., 1159; *Sheetz* v. *Huberty,* 54 Ohio St., 632, 47 N. E., 1116; *Weaver* v. *C., S. & H. Valley Ry. Co.,* 55 Ohio St., 491, 45 N. E., 717; *Davies* v. *N. C. & L. Ry. Co.,* 71 Ohio St., 325, 73 N. E., 213; *Pace* v. *Volk,* 85 Ohio St., 413, 98 N. E., 111; *State, ex rel. Anderson,* v. *Spence et al., Judges,* 94 Ohio St., 252, 113 N. E., 1048; *Luff* v. *State,* 112 Ohio St., 102, 146 N. E., 892.

Under the latest statutes and since the effective date of the Appellate Procedure Act, the question has been presented numerous times to the various courts of the state. *Kennedy* v. *Mancini,* 22 Ohio Law Abs., 607; *Carpenter* v. *M. O'Neil Co.,* 22 Ohio Law Abs., 657; *Kiger* v. *Beery,* 23 Ohio Law Abs., 32; *State, ex rel. Everts,* v. *Jackson,* 23 Ohio Law Abs., 259; *Continental Automobile Mutual Ins. Co.* v. *Morton,* 23 Ohio Law Abs., 311; *Mori* v. *Van Hyning,* 23 Ohio Law Abs., 653; *McEvoy* v. *Ripley,* 24 Ohio Law Abs., 678; *State* v. *Bell,* 52 Ohio App., 11, 2 N. E. (2d), 786; *Brainard Inv. Co.* v. *F. H. L. Corp.,* 55 Ohio App., 127, 9 N. E. (2d), 178; *State* v. *Parnell,* 56 Ohio App., 77, 10 N. E. (2d), 18; *Tenesy* v. *City of Cleveland,* 133 Ohio St., 251, 13 N. E. (2d), 122.

Section 1579-528, General Code, part of the Municipal Court of Akron Act, provides in part that "the bill of exceptions shall be filed with the clerk of the Municipal Court within fifteen days after the rendition of the judgment or the making of the order complained of."

The bill of exceptions in the instant case was filed on the 18th day after rendition of the judgment.

*Tenesy* v. *City of Cleveland, supra,* discusses, among others, the question of the time limit for the filing of a bill of exceptions in the Municipal Court of Cleveland in an appeal on questions of law to the Court of Appeals of Cuyahoga county. The Municipal Court of

Cleveland Act contained no specific provision with reference to the time within which the bill of exceptions must be filed in the trial court. The Supreme Court, in effect, held that in the absence of a provision in the Municipal Court Act itself fixing a time for the filing of such bill of exceptions, Section 11564, General Code, applies.

The Municipal Court of Akron Act specifically provides by Section 1579-528, General Code, that a bill of exceptions shall be filed within 15 days. At the time that that statute was enacted, only *proceedings in error* to the Court of Common Pleas were under consideration, but the time limit provided in that act for the filing of bills in the Municipal Court of Akron is mandatory regardless of the court to which an appeal on questions of law is taken.

It is therefore the conclusion of this court that, inasmuch as this is an appeal on questions of law and the bill of exceptions was not filed in the Municipal Court of Akron within 15 days after the rendition of the final judgment, the motion to strike the bill of exceptions from the files should be sustained.

As to the motion to affirm, it is conceded by counsel for the appellant that no error demonstrable otherwise than through a bill of exceptions is urged. The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*

STEVENS, P. J., and WASHBURN, J., concur.