Per Curiam.

It is contended by appellant that the Court of Appeals was without jurisdiction to reverse the judgment of the trial court, “without a bill of exceptions by which alone errors on the grounds assigned could be shown.”
The journal entry of the Court of Appeals is as follows:
“This matter came on for hearing, de novo, on the transcript of the record, the original papers, pleadings and entries from the Court of Common Pleas of Trumbull County, Ohio, the notice of appeal, assignments of error, briefs and arguments of counsel; and, on consideration thereof, the court finds that there is error apparent upon the record in the proceedings of said Court of Common Pleas, to the prejudice of the defendant-appellant, Continental Casualty Company of Chicago.
“It is, therefore, considered by this court that the judgment rendered by the said court below be reversed and held for naught.
“And the court further proceeding to render such judgment as said court ought to have rendered, finds there is no evidence clear and convincing or otherwise of mutual mistake of the parties to the surety bond nor of any fraud practiced by the appellant-defendant bonding company.
“It is, therefore, considered, adjudged and decreed, that judgment be, and the same hereby is, entered for the defendant-appellant, Continental Casualty Company of Chicago, with costs against plaintiff-appellee, L. L. Mayborn.
“It is further ordered that a special mandate be sent to the Court of Common Pleas of Trumbull County, Ohio, for execution of this judgment.” (Emphasis added.)
That the Court of Appeals considered the appeal as one on questions of law is further evidenced by its opinion in which the following appears:
“The evidence discloses that this bond was executed by that defendant pursuant to a written application made thereof. It is well recognized that before such bonds may be reformed to name some other obligee than United States of America, it must be shown by clear and convincing evidence that the bond was executed as the result of fraud practiced by the bonding company upon the plaintiff, or that the same was executed as the result of a mutual mistake upon the part of both plaintiff and the bonding company.
*89 “Our examination of the record in this case discloses no such fraud or mutual mistake, and it necessarily follows that the judgment of the trial court in ordering reformation thereof as prayed for, is unauthorized and contrary to law.
“The judgment of the trial court must be and is, therefore, reversed and held for naught.” (Emphasis added.)
In the case of Tenesy v. City of Cleveland, 133 Ohio St., 251, 13 N. E. (2d), 122, the syllabus reads as follows:
“1. When an appeal is taken on questions of law, it is mandatory that a bill of exceptions be filed in the trial court within the 40-day limitation prescribed by Section 11564, General Code [Section 2321.05, Revised Code], to enable a reviewing court to consider the contents of such bill.
“2. Where such bill of exceptions is not filed in the trial court within the time so prescribed, and the errors assigned are such as can be disclosed only by a bill of exceptions, the reviewing court has no alternative but to affirm the judgment. ’ ’
The Court of Appeals was clearly in error in making such findings and rendering such judgment of reversal without a bill of exceptions properly before it.
The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman and Bell, JJ., concur.