SCHUMANN, APPELLEE, *v.* FISHER, APPELLANT.

(No. 187—Decided January 30, 1959.)

*Mr. James C. Blair,* for appellee.
*Mr. A. A. Klipfel,* for appellant.

MIDDLETON, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas entered upon a verdict in favor of the plaintiff and against the defendant. Plaintiff's action is grounded on a claim for damages growing out of a collision of a tractor and bailer owned and driven by the plaintiff and an automobile driven by the defendant. Upon trial, judgment was entered for the plaintiff. From this judgment, appeal is lodged in this court by the defendant.

For his assignment of errors, the defendant states:

1. The court erred in overruling appellant's motions for judgment at the close of plaintiff's case, for judgment at the close of the case and for judgment notwithstanding the verdict.

2. The court erred in overruling appellant's motion for a new trial.

3. The verdict of the jury and the judgment of the court are contrary to law and against the weight of the evidence.

After plaintiff filed his assignment of errors, briefs and bill of exceptions, the defendant interposed a motion to strike the bill of exceptions from the file, to dismiss the appeal, and to affirm the judgment, for the reason that the bill of exceptions was not filed in the trial court until 46 days after the filing of the notice of appeal, and that the errors assigned are such as can be disclosed only by a bill of exceptions. The record dis-

closes that the judgment was entered on February 1, 1958. Motion for new trial was overruled June 19, 1958, and notice of appeal was filed July 7, 1958. The bill of exceptions was filed with the clerk of the trial court on August 22, 1958, or 46 days after the filing of the notice of appeal. Section 2321.05, Revised Code, provides, in part, as follows:

"When the decision to which an exception is taken is not entered on the record, or the grounds of the exception do not sufficiently appear in the entry, or the exception is to the decision of the court on a motion to direct nonsuit, or to arrest the evidence from the jury * * * or because the verdict * * * is against the law and the evidence * * * or a motion for judgment under Section 2323.18 of the Revised Code, the party excepting must reduce his objections to writing as a bill of exceptions, and file them in the cause, not later than forty days after the perfecting of the appeal by the filing of the notice of appeal within the time provided by Section 2505.07 of the Revised Code. * * *"

The syllabus in the case of *Tenesy* v. *City of Cleveland*, 133 Ohio St., 251, 13 N. E. (2d), 122, reads as follows:

"1. When an appeal is taken on questions of law, it is mandatory that a bill of exceptions be filed in the trial court within the forty-day limitation prescribed by Section 11564, General Code [now Section 2321.05, Revised Code], to enable a reviewing court to consider the contents of such bill.

"2. Where such bill of exceptions is not filed in the trial court within the time so prescribed, and the errors assigned are such as can be disclosed only by a bill of exceptions, the reviewing court has no alternative but to affirm the judgment."

The above decision has been approved and followed in a long line of decisions by the Supreme Court, the most recent decision being *Mayborn* v. *Continental Casualty Co. of Chicago*, 165 Ohio St., 87, 133 N. E. (2d), 433.

It clearly appears that the bill of exceptions was not filed within the time set forth in the statutes, and, therefore, it cannot be considered by the court, and the motion to strike it from the files must be allowed. Referring to the assignments of error, we find nothing therein which can be disclosed except by

resort to a bill of exceptions. The court, therefore, finds it imperative to affirm the judgment.

We do not find any authority in the statutes or any court decision which would authorize this court on appeal on questions of law to extend the time for filing the bill of exceptions in the trial court. It would appear that, in a case where the failure to file a bill of exceptions within the time provided by statute was unavoidable and without fault on the part of the litigant, the court should be empowered, upon the showing of good cause and in the exercise of a sound discretion, to permit the filing of a bill of exceptions out of rule. This, however, is a problem for the Legislature and not for the courts.

The motion of plaintiff, appellee herein, is sustained, and the judgment is affirmed.

*Judgment affirmed.*

YOUNGER and GUERNSEY, JJ., concur.