Bell, J.
The appeal to the Court of Appeals was on questions of law. Three errors found by the Court of Appeals as the basis for its reversal could have been exemplified only by a bill of exceptions. Therefore, if there was no bill of exceptions properly before the Court of Appeals, the plaintiff’s motion to dismiss should have been sustained as to those errors. Tenesy v. City of Cleveland, 133 Ohio St., 251, 13 N. E. (2d), 122; In Matter of Lands, 146 Ohio St., 589, 67 N. E. (2d), 433; State, ex rel. Cliffview Land Co., v. Maloney, Commr. and Inspr. of Bldgs., 166 Ohio St, 45, 139 N. E. (2d), 40.
In his concurring opinion, Judge Putnam of the Court of Appeals said:
“All of us concur in the overruling of the motion to dis *423 miss the appeal because due to the pressure of work and court procedure only the bare covering of the bill of exceptions was filed within the 40-day time limit provided by statute and was thereafter supplemented by the inclusion therein of the full transcript of the testimony.”
In the opinion of the writer, this statement by Judge Putnam is fairly susceptible of the interpretation that it is at least a tacit concession on the part of the Court of Appeals that the covers only of what purported to be a bill of exceptions were filed in the Court of Common Pleas within the 40 days. Obviously, if this is true, the insertion of the full transcript was made, if not after the so-called bill had been filed in the Court of Appeals, at least after the time limited for filing the bill in the Court of Common Pleas.
If, however, the words in the above quotation, including and following the word, “because,” are merely a restatement by Judge Putnam of the reasons advanced by counsel for plaintiff for dismissing the appeal, then a question was presented to the Court of Appeals as to whether a bill of exceptions was before it.
The only argument advanced by counsel for defendant as a means of attacking the alleged deficiency in the bill of exceptions is that plaintiff should have filed her exceptions to the bill within the ten days permitted therefor by statute. Section 2321.06, Revised Code. The Court of Appeals apparently took the same view because in its journal entry such court said, in part: “The court upon consideration finds that the question raised by appellee’s motion as to the bill of exceptions should have been raised in the trial court and is not timely here, and that the trial court’s certificate is conclusive.”
We do not agree with this conclusion of the Court of Appeals. Section 2321.02, Revised Code, defines an “exception” as an objection taken to a decision of a trial court upon a matter of law. Since a bill of exceptions containing a record of all the “exceptions” claimed was first authorized by the Statute of Westminster the Second, 1 Eng. Stats, at L., 206 (13 Edw., 1, Ch. 31), its object has been to put the decision or decisions objected to upon record for the information of the court having *424 cognizance of the cause on review. It is a foregone conclusion that two pieces of covering material put nothing on record that can furnish any information to a reviewing court.
If there has been nothing filed in the way of a bill of exceptions, there is certainly nothing to which opposing counsel can file exceptions. And we do not deem it opposing counsel’s duty to call to the attention of his opponent the fact that nothing has been filed by filing exceptions to nothing.
In our opinion, if that which was filed herein within the 40 days limited by Section 2321.05, Revised Code, consisted only of covers which purported to be a bill of exceptions but on which were only the dates of filing and notice to opposing counsel and the signature of the trial judge and between which there was no record of the proceedings in the trial court, such was not a bill of exceptions.
Plaintiff made a tender of proof that the insertion of the transcript of proceedings in the trial court between the covers of the so-called bill of exceptions was done after the bill was filed in the Court of Appeals. If that is the fact, the Court of Appeals should have dismissed the appeal if the errors complained of could be exemplified only by a bill of exceptions. It at least should have allowed proof and counterproof, if any, on the circumstances surrounding the filing of the bill of exceptions. The cause is remanded to the Court of Appeals for that purpose and this court does not pass on the other assignments of error at this time.

Judgment reversed.

Weygandt, C. J., Zimmerman, Tart, Matthias and Herbert, JJ., concur.
O’Neill, J., not participating.