KRATZER *v.* COLUMBUS & SOUTHERN OHIO ELECTRIC CO.

(No. 19187—Decided March 16, 1965.)

*Mr. Forrest F. Berry,* for plaintiff.
*Mr. James C. Hapner,* for defendant.

HOTTLE, J.   Plaintiff's motion for reconsideration of the court's order sustaining defendant's motion to strike the bill of exceptions is overruled. The entry overruling plaintiff's motion for a new trial was journalized April 21, 1964.   Plaintiff filed her notice of appeal September 11, 1964.   The bill of exceptions containing the testimony was filed on October 22, 1964.

The question presented is whether the requirement of Section 2321.05, Revised Code, that "the appellant must prepare and file, within forty days of perfecting his appeal by filing a notice of appeal as provided by Section 2505.04 of the Revised Code, a bill of exceptions setting forth that part of the evidence and such other matters occurring during the progress of the trial or proceedings under the rules of trial procedure, not contained in the transcript upon which the appellant asserts his claims of error" is jurisdictional in view of the provision of Section 2505.04, Revised Code, that "After being perfected, no

appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional," and in view of the decision of the Court of Appeals of the Second Appellate District in *Bennett* v. *Wilson*, 112 Ohio App. 477.

The *Bennett case* involved the illness of the court reporter preventing the completion of the transcript of the testimony within the forty-day limit provided in Section 2321.05, Revised Code. The appellant had done all he could and the concurring opinion, at page 479, states:

"In a county where the lawyers have relied upon the duly appointed court reporters to file the bill of exceptions and where they have faithfully performed this task, surely someone should have the power to do justice in an unusual situation involving statutory court appointees."

The case was decided September 23, 1960.

The Legislature has amended Section 2321.05, Revised Code, since that decision, in 129 Ohio Laws 1199 (effective 8-17-61) and 130 Ohio Laws 650 (effective 9-24-63). The former amendment does not affect the question in the instant case, but the Legislature, at the later date, apparenly took into account the equitable expression of Judge Duffy, quoted above, and provided by amendment:

"The trial court may, in the exercise of its discretion, upon motion filed within the time fixed for filing a bill of exceptions and for good cause shown, where circumstances beyond the control of the appellant prevent him from filing the bill of exceptions, extend the time within which a bill of exceptions must be filed."

There having been no motion by plaintiff and there being no considerations shown which were beyond the control of plaintiff preventing her from filing her bill of exceptions, the court is bound by a long line of decisions holding the requirement mandatory and jurisdictional.

The Court of Appeals of the Fourth Appellate District, although not presented with the question here, considered the question of the clerk's failure to perform his duties, and stated in the first paragraph of the syllabus of *Nye* v. *Schuler,* 110 Ohio App. 443:

"The provisions of Section 2321.05, Revised Code, setting

forth the time for filing a bill of exceptions are mandatory, but the provisions of the succeeding sections defining the duties of the clerk of the court and the trial judge with respect to such bill of exceptions are directory.''

The Supreme Court has stated its position on the question in *Tenesy* v. *City of Cleveland,* 133 Ohio St. 251, in which Section 11564, General Code (predecessor of Section 2321.05, Revised Code) was interpreted in the first paragraph of the syllabus:

''When an appeal is taken on questions of law, it is mandatory that a bill of exceptions be filed in the trial court within the forty-day limitation prescribed by Section 11564, General Code, to enable a reviewing court to consider the contents of such bill.''

That position was followed *in Mayborn* v. *Continental Casualty Co.,* 165 Ohio St. 87. Previously the court interpreted Section 5301, Revised Statutes (predecessor of Section 11564, General Code) in *Cincinnati Traction Co.* v. *Ruthman,* 85 Ohio St. 62. In the latter case the syllabus indicates the equitable position which the Court of Appeals of the Second Appellate District took in the *Bennett case, supra.* However, it needs to be pointed out that both latter cases deal with the question of the party having done everything required in respect to the perfecting of the bill of exceptions as enjoined by statute. *Luff* v. *State,* 112 Ohio St. 102, deals with criminal procedure and holds similarly to the civil cases already cited.

The Legislature is assumed to legislate with knowledge and in the light of existing statutory provisions. 50 Ohio Jurisprudence 2d, Statutes, Section 217. Therefore, it is the conclusion of this court that the Legislature did not accept the Second District Court's interpretation in the *Bennett case,* but recognized the significance of the equitable position, there and in the *Ruthman case,* when it amended Section 2321.05, Revised Code, giving the trial court discretion—which discretion is circumscribed by the circumstances beyond the control of the appellant and for good cause—upon motion filed *within the time fixed for filing a bill of exceptions.*

No real claim is made that the bill of exceptions was not filed because the clerk's office was closed on Wednesday afternoon. It is incumbent, in the court's opinion, upon plaintiff to

show that an attempt to file said bill was made and the filing could not be accomplished by reason of such closing. The evidence does not sustain such effort on the part of plaintiff.

*Motion overruled.*