### KENNEDY v MANCINI

Ohio Appeals, 2nd Dist, Franklin Co

No 2685. Decided Sept 29, 1936

Phil S. Bradford, Columbus, for appellee, and the motion.

Arnold, Wright, Purpus & Harlor, Columbus, and Earl Morris, Columbus, amicus curiae, for the motion.

H. S. Peterson, Columbus, R. N. Larrimer, Columbus, and O. R. Crawfis, Columbus, for appellant, contra.

### OPINION

By HORNBECK, J.

Submitted on motion of appellee to dismiss the bill of exceptions and the proceedings, which is an appeal on questions of law.

It is conceded by the parties that the bill of exceptions was filed with the trial court forty-two days after the overruling of the motion for a new trial. It is claimed by counsel for the appellee and by counsel amicus curiae that §11564, GC, is mandatory and controlling and that as the bill was not filed within the time therein prescribed, namely, forty days, it should be stricken from the files.

There is no dispute nor could there be that prior to the enactment of the new appellate code, the former §11564 GC had been uniformly construed to be a mandatory requirement. But it is claimed by counsel for the appellant that the spirit of the new appellate act is to liberalize procedure on review and that reading §11565 GC in conjunction with the remainder of the new appellate code, and particularly §12223-8 GC thereof and Rule 7 of the Court of Appeals of Ohio requires the determination that there is a discretion vested in this court touching the time within which the bill of exceptions may be filed with the trial court.

At the outset it should be noted that the procedural steps incident to the completion of proceedings on appeal and the requisite steps incident to the filing of a bill of exceptions in the trial court and in the appellate court are separate and distinct subjects of consideration in the code. It was not unusual under the former procedure to have proceedings in error instituted and terminated by judgment where no bill of exceptions was filed. It is only in the instances enumerated in the statute, §11564 GC, that a bill is required. In this case there is no doubt that the appeal has been properly perfected and is regularly pending in this court. It will be noted that §11564 GC as now appearing in the code has not been materially changed as it relates to appeal on questions of law. Thus, it will require the same construction as heretofore unless something is to be found in the appellate code which requires a different interpretation. This it is urged is found in §12223-8 GC:

"The transcript of the testimony or bill of exceptions or so much thereof as may be necessary for said appeal may be filed within such time as is provided for in the rules of court."

The Court of Appeals of Ohio, pursuant to the authority of the section enacted Rule 7 which provides in part that,

"Unless otherwise ordered by the court

or a judge thereof, briefs shall be filed as follows: counsel for appellant shall, within fifty days after filing notice of intention to appeal, file with the clerk his assignments of error and briefs and bill of exceptions."

It is obvious that both §§12223-8 GC and the Rule have application to steps to be taken in the Court of Appeals, whereas §11564 GC applies exclusively to the trial court and its language is mandatory. This court has discretionary authority as to the time when the bill of exceptions may be filed in this court if the provisions of §11564, GC, as to the time of filing in the trial court have been met. If we were proceeding under §12223-8 GC the facts here presented might move the court to exercise its discretion favorably to the appellant.

The motion to strike the bill of exceptions will be sustained.

BARNES, PJ, and BODEY, J, concur.

## ON APPLICATION FOR REHEARING

Decided Oct 7, 1936

By THE COURT

Submitted on application for rehearing, consisting of two grounds:

"1. That the failure to file the bill of exceptions in the cause, within the 40 day limitation, was not jurisdictional and that the defendant appellee waived any objection thereto by failing to file said objection in the cause within 10 days after such bill of exceptions was filed therein."

And,

"2. That the trial court extended the time for filing such bill of exceptions, as shown by the records herein, to-wit, the trial court's endorsement upon said bill of exceptions, and that the same was filed within such extended time."

We undertook specifically to consider and answer the first ground of the application for rehearing. The second ground was covered by implication.

It may be granted that there is no question of jurisdiction involved in the failure to file the bill of exceptions. The jurisdiction to entertain and consider the proceedings on appeal is covered by another statute. The bill of exceptions, when needed, is of value on one question only, namely, the consideration of the factual proof as it relates to any questions urged in the assignments of error. We overruled the motion of the appellee to strike the appeal proceedings from the record because they are regular and filed within time and the court does have jurisdiction and will take cognizance of the proceedings.

The ten days after the filing of the bill of exceptions with the trial court, within which any adverse party may file any objection or amendment he proposes to such bill for its correction, relates to the composition and contents of the bill and in no wise affects or is affected by the language of the other section, namely, §11564 GC, which controls the time of filing the bill of exceptions; nor could the trial court by any notation on the bill of exceptions waive or change the mandatory provisions of the controlling section, §11564, GC.

The propositions which we set forth in our original opinion and have reiterated here are well illustrated in the case of State ex Anderson v Spence et, Judges, 94 Oh St, 252, and Luff v The State, 112 Oh St, 102.

In the former case error was prosecuted from a judgment entered by the Court of Appeals upon the trial of the case on appeal from the Common Pleas Court. The bill of exceptions not having been filed within the statutory time, the Court of Appeals refused to allow and sign it, whereupon an action was instituted in mandamus to compel the court to sign the bill. The second proposition of the syllabus is:

"In such a case, where a bill of exceptions is not filed within the statutory time, the judges of the Court of Appeals are without authority to allow and sign such bill, and this court can not compel them to allow and sign the same."

Luff v State, supra, was a criminal case in which the provisions of §13680, GC, applying to the filing of a bill of exceptions in such case, were controlling. Judge Matthias writing the opinion, after quoting the section, said:

"No argument can modify the mandatory effect of such language; even an order of the court can not extend the time within which a bill of exceptions may be filed beyond the limit fixed by the statute, which is 30 days. In no case can it be more than 30 days."

The application will be denied.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.