## McEVOY v RIPLEY

Ohio Appeals, 2nd Dist, Champaign Co

No 99. Decided May 21, 1937

Zimmerman & Zimmerman, Springfield, for the appellee, for the motion.

Howard Morgan Jones, Columbus, for the appellant, contra the motion.

## OPINION

By HORNBECK, J.

Submitted on motion of appellee to strike the bill of exceptions from the file.

It appears that the entry overruling the motion for new trial and entering final judgment was filed November 10, 1936. The notice of appeal was given November 25, 1936 and the bill of exceptions, together with the assignments of error, was filed with the Clerk of the Common Pleas Court January 11, 1937.

The filing of the bill of exceptions in this case is controlled by §11564 GC and by the terms thereof it is mandatory that the bill be filed not later than forty days after the overruling of the motion for new trial. The obligation to observe the terms of the statute as to the time within which the bill must be filed cannot be waived nor avoided. We have so held many times, as have other reviewing courts, including the Supreme Court.

The manner of authenticating the bill has been changed by the new appellate code and the time within which it may be filed in this court is the subject of rule, but the time within which it must be filed with the trial court has not been changed or affected by the new code.

The questions presented, insofar as material, were all before us and given careful consideration in Kennedy v Mancini, 22 Abs 607. Our opinion in Kennedy v Mancini is somewhat extended and to re-state here the reasons for our determination would be a work of supererogation, as they all appear in the cited case, to which reference is made.

The motion to strike the bill of exceptions from the file will be sustained.

The second branch of the motion to dismiss the appeal will be overruled. The cause is properly lodged in this court on appeal by reason of the notice of appeal having been given according to the statute. The brief of counsel for appellee suggests that judgment should be entered because no error before the court can be exempli-

fied without the bill of exceptions. If this is true the position is well taken. However, we shall not pass upon that question inasmuch as it is not ▮ raised by the motion and if it is desired to bring this matter to the attention of the court it should be done in the appropriate formal manner.

BARNES, PJ, concurs.
GEIGER, J, not participating.