## BROWN v PRUDENTIAL INSURANCE COMPANY OF AMERICA

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3011. Decided Oct. 25, 1939.

Carl H. Valentine, Columbus, for defendant-appellee, and for the motion.

Henry A. Reinhard, Columbus, and Guy R. Martin, Columbus, for plaintiff-appellant, contra the motion.

508

## OPINION

BY THE COURT:

Submitted on motion of appellee to affirm the judgment of the "Common Pleas Court for the reason that no bill of exceptions has been filed either in this Court or in the Court below; that the time in which such bill of exceptions could be filed has expired, and that no error can be exemplified without a bill of exceptions."

There appears among the papers the general charge of the trial court which is certified as correct by the official Shorthand Reporters of Franklin Co. It is urged that this is not a bill of exceptions. It is authenticated by the Official Reporter as provided by §11571, GC, and to all intents and purposes may be employed for all that it imports to·be, namely, the charge of the court given in the cause as tried in the Common Pleas Court. However, the fact that it is authenticated as provided by §11571, GC, does not, in our judgment, waive the necessity of filing it in the trial court not later than forty days after the overruling of the motion for new trial, which obligation is mandatory and can not be waived. **Kennedy v Mancini, 22 Abs 607; McEvoy v Ripley, 24 Abs 678.** This has not been done. Where upon such filing the appellee is entitled to ten days notice under §§11565 and 11571, GC, which notice has not been given.

It is urged by counsel for the appellee that a transcript of the pleadings, docket and journal entries would disclose that defendant moved for directed verdict at the conclusion of plaintiff's case in the trial court and that the charge alone, even if found to set forth unsound principles of law, could not be found to be prejudicial because it may be that the court should have sustained the motion for directed verdict. This claim is well made because though the charge might be erroneous, we could not say that it was prejudicial to the appellant unless and until we could relate it to the facts appearing in the record.

The motion will be sustained. Judgment affirmed.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.