## BOWER v HEER

Ohio Appeals, 2nd Dist, Franklin Co

No 3382. Decided Oct 21, 1941

Wilson & Rector, Columbus, for plaintiff-appellant.

Shocknessy, Denton & Chamblin, Columbus, for defendant-appellee.

## OPINION

By GEIGER, PJ.

This case is before us on appeal from a judgment of the Court below sustaining a demurrer and dismissing the amended petition.

The amended petition states, in substance, that the plaintiff perfected a system of legislative service in connection with legislation of the state; that on August 1, 1938, plaintiff and defendant entered into an oral contract of partnership for the purpose of furnishing a legislative service to the state of Ohio; that by the terms of said contract it was provided that the partnership would continue for a period of at least two years, from September 1, 1938, and could only be canceled and dissolved by either partner giving the other ninety days written notice: that said contract provided that the plaintiff should contribute a certain sum in money and personal services and that the defendant should do likewise; that the plaintiff should be the managing director and should receive from said partnership a salary of $5,000.00 per year. The contract provided that the defendant should furnish to the partnership printing and other office supplies necessary to the operation of the partnership or to be purchased from the defendant at standard prices; that the profits and liabilities should be on the basis of 60% to plaintiff and 40% to defendant to be made by mutual agreement:

It is alleged that in pursuance of the contract, the plaintiff resigned a position in which he had been earning a salary of $4,000.00. It is also alleged that the partnership known as the "Legislative Service Bureau" commenced doing business on September 1, 1938, and from that date until May, 1939, the plaintiff devoted all his time to the business and made cash contributions. all to the extent of $4000.00; that the business was successful and increasing and that had it not been dissolved by the breach of the contract by the defendant large profits would have resulted.

It is asserted that on the 5th day of May, 1939, defendant, without notice of any cause, dissolved the partnership by withdrawing and refusing to contribute; that plaintiff was ready, able and willing to complete his contract and that by reason of the breach and the resulting dissolution the plaintiff has been damaged in the sum of $12,000.00.

The defendant demurs to this amended petition on the ground that it does not state facts sufficient to constitute a cause of action. This demurrer was sustained and the plaintiff not desiring to plead further the petition was, on May 1, 1941, dismissed and notice of appeal was given and the case lodged in this Court.

The assignment of errors is brief, to the effect that "The Court erred in sustaining defendant's demurrer to the amended petition."

The demurrer was directed against the amended petition on the ground that it did not state facts sufficient to constitute a cause of action, reliance being placed upon the claim that plaintiff's cause of action is based upon a breach of an oral contract not to be performed within one year.

Section 8621 GC, under the caption, "When Agreements to Be in Writing", provides that, "No action shall be brought whereby to charge the defendant * * * upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith * * * ."

418

Counsel for plaintiff takes the position that inasmuch as the statute requires that the contract must either be in writing **or some memorandum or note thereof be signed by the party** to be charged, to take it out of the statute. Counsel takes the position that the Ohio Code is express in its declaration that only facts which appear upon the face of the petition can be challenged by demurrer and that defects not appearing thereon must be challenged by answer. He insists that both of the provisions of the statute, to-wit, that it is oral and that no memorandum has been signed must appear on the face of the petition, and bases his argument upon the statement in **19 O. Jur. 666,** to the effect that where the petition is silent as to whether or not the contract is in writing it will be presumed, for the purpose of testing the sufficiency of the petition, to be in writing, and as stated in the same authority on page 666, that where there is no allegation that a contract is in writing, there is a presumption that it is, where the sufficiency of the petition is challenged by demurrer. Counsel claims that from these principles, establishing that where the petition is silent, a signing of the contract will be presumed, it follows that if there be no allegation in the petition that some memorandum is in writing there must be an inference that there is such a memorandum in writing which takes the contract out of the provisions of the statute. We do not follow counsel in this. The petition should have alleged that there was a memorandum thereof in writing, if that be true, and not leave it to an inference to be drawn by the Court; that inasmuch as the petition was silent the inference must be drawn that there was such a memorandum. We are of the opinion that inasmuch as the petition is silent as to there being a memorandum in writing, that the inference can be ▮▮▮▮▮▮ ▮ logically drawn to the effect that there is no memorandum in writing; otherwise it would have been plead in order to save the action from the effect of the statute.

Counsel was conscious of the fact when he drew his petition, that when he stated it was an oral contract and made the further allegations that it was not to be performed within the period of one year, that he would be confronted with the bar of the statute unless he himself removed it by pleading that there was a memorandum in writing. We, therefore, are of the opinion that this position of counsel is unsound, and that the Court committed no error in his holding upon this matter.

In addition, plaintiff relies upon the the proposition, first, that partnership contracts of the type set out in the amended petition are not within the statute of frauds; and, second, that conceding for argument that such contract might be within the statute, that the petition alleges sufficient facts to constitute a part performance. It will be observed that the contract provided that the partnership would continue for a period of at least two years from September 1st, 1938, and could only be cancelled and dissolved by either partner giving the other ninety days written notice. It is urged by counsel that by this provision a dissolution prior to one year could be secured and that this option takes the contract out of the statute of frauds, and he claims that this position is sustained by the overwhelming weight of authority. Citing 27 C. J. 177. The theory that the statute does not cover partnership contracts is based largely upon the contention that a partnership is a personal relation which could be terminated by the death of one of the partners, and that this death might occur within the period of one year, and that therefore this possibility takes the entire contract out of the provisions of the statute. We have read the citations of authorities by counsel for plaintiff and by counsel for defendant upon this point and arrive at the conclusion, after carefully considering them all, as well as the opinion of the Court below, that this contention is not tenable. We hold that if the contract upon its ▮▮▮▮▮▮ ▮ face is not to be performed within one year

from the making thereof, the fact that it may be earlier terminated by the death of one of the parties does not remove it from the provisions of the statute. If it should happen that one of the parties died within the period of one year, it might well be a good defense against the other, who thereafter seeks to enforce the provisions of the contract, to show that it could not be performed because of the death of the party. But we are not of the opinion that the possibility of the death of one of the parties within the period of one year destroys the effect of the statute.

Counsel takes the position that the allegations of the petition clearly show that there was a "part performance", of the contract which takes it out of the statute. Counsel is correct in his statement that the petition in itself shows that there was a part performance, but that does not solve the difficulty. We do not intend ▆▆▆▆▆▆▆ to discuss this question at length, but rely upon three cases to which we make brief references:

Kling, Admr. v Bordner, 65 Oh St 86, holds, syllabus 5:

"The doctrine of part performance obtains in equity only and does not avail to render a contract which is void by the statute because unwritten and unsigned, capable of being sued on in a court of law."

This is not an equity case.

LaBounty v Brumbach et, 126 Oh St 96, holds:

"2. The plea of partial performance of a contract, in an action at law on such contract, if established by the evidence, is just as effectual to take the contract out of the statute of frauds today as it was in 1924 when the rule was first announced by the Supreme Court of Ohio. 1 Ohio 251, approved and followed."

The opinion in this case was written by Judge Stephenson and as usual is interesting reading. However, very

shortly thereafter, in the case of Hodges v Ettinger, a partnership, 127 Oh St 460, it was held that,

"The doctrine of part performance can be invoked to take a case out of the statute of frauds only in cases involving the sale or leasing of real estate, wherein there has been a delivery of possession of the real estate in question and in settlement made upon consideration of marriage followed by actual marriage. Such doctrine of part performance has no place in the law governing contracts for personal services. (The case of LaBounty v Brumbach, 126 Oh St 96, and Kling, Admr. v Bordner, 65 Oh St 86, distinguished)."

The opinion in this case was likewise by Judge Stephenson and referring to his decision in the LaBounty case he says,

"This pronouncement of the law is altogether too broad and sweeping just as the rule in Kling, Admr. v Bordner is too narrow."

And the opinion concludes with the statement that the second paragraph of the syllabus in the LaBounty case is limited and the fifth paragraph of the syllabus in the Kling case is extended to conform to the opinion there rendered.

It seems to us that it would be useless to further discuss this point inasmuch as the Supreme Court seems finally to have determined it and it is of no consequence what the courts of other states may have held upon the point.

We, therefore, arrive at the conclusion that inasmuch as the agreement was not to be performed within one year and the petition states that it was an oral contract, that the provision of §8621 GC, that no action shall be brought to charge the defendant, that the petition was demurrable in spite of the fact that there was no reference to a memorandum in writing, and of the further facts that it was an action on a partnership agreement where there was conceded to have been part

420

performance. We are at some loss to understand why counsel for plaintiff took the chance of having the decision of the Court below sustained in this Court rather than amend his petition in that Court, if he could make an allegation that there was some written memorandum.

Judgment of the Court below affirmed.

HORNBECK and BARNES, JJ., concur.