## McCOY, IN RE, EXCEPTIONS.

Ohio Appeals, Second District, Fayette County.

No. 254.   Decided October 31, 1946.

Roy A. Patterson, Dayton, for Appellant.
N. P. Clyburn, Washington C. H., for Trustee.

## OPINION

By THE COURT:

Submitted on motion to vacate entry affirming judgment of Probate Court. The motion seeks to vacate a judgment entered of date October 15, 1943. The motion recites—

"The vacation of the (judgment) entry is being sought for the reason that the clerk of the Probate Court, and the judge· of the Probate Court, who is one and the same person in this Court, neglected or omitted to perform his duties as such, pertaining to the Bill of Exceptions filed herein, containing all of the testimony and objections, in that he filed the same with the Clerk of the Court of Appeals without having given notice that the same was filed with him as Clerk of the Probate Court and failed to correct or certify said Bill of Exceptions as Judge of the Probate Court in which the exceptions were heard.

"Appellant further moves that authority be given to obtain the approval and signature of the trial judge to said Bill of Exceptions filed with him, or that he correct the same and allow and sign nunc pro tunc, and to otherwise complete his duties as clerk and judge of the Probate Court in which exceptions were heard, as required by law."

The judgment in this case, being general in form, was entered on October 15, 1943. The motion to vacate the entry was filed January 24, 1944. With the motion is filed what is designated as a statement of fact and not in the form of an affidavit. This motion having been filed during the term of the judgment, we give it consideration in the light of the facts appearing.

. The so-called Bill of Exceptions is before us under separate covers, one containing the testimony of three witnesses, another marked "Hearing Before The Hon. Otis B. Core, Judge on Exceptions to Account" on the first page of which is this notation "This is a partial transcript, being that testimony and record made Tuesday, June 9, 1942, and reported by S. W. Froehle of Dayton, Ohio." Neither of these transcripts of testimony is signed, settled and allowed or authenticated in any manner by the Probate Judge of Fayette County, Ohio, before whom the matter on appeal was heard. There is no

indicia on either of the foregoing documents that they, or either of them, were tendered to the trial judge as a Bill of Exceptions.

The gist of the contention of appellant, as we understand it, is that a proper Bill of Exceptions was proffered to the Probate Judge within statutory time but that the Probate Judge who is clerk ex officio of that court had neglected to perform his statutory duties by settling and allowing the Bill of Exceptions. Of course, if this is the true state of facts, had it been brought to the attention of this Court within appropriate season, we would have permitted the signing of the Bill even though after statutory period, because a litigant will not be penalized for a mistake for which he is not responsible. However, this cannot be the situation upon the record as we find it.

When the appellant elected to file a notice of appeal as upon questions of law and fact and supported it by an appeal bond, it thereby characterized the appeal as one upon law and fact and no Bill of Exceptions had any place in such a cause. In making up the record, if counsel had agreed to it, the transcript of the testimony, as taken in the trial court, could have been employed as the entire record in the appellate court or as a part of the record to be supplemented by other testimony.

The appeal proceeded as upon law and fact until this Court determined on February 16, 1943, that the appeal could not be heard on facts and the entry proceeds "and that no Bill of Exceptions has been filed." This additional matter was without effect but it was a true statement of fact because at that juncture no Bill of Exceptions could properly have been filed. The entry then provided that the appeal shall be heard upon questions of law and directs that the Bill of Exceptions shall be filed on or before the 6th day of March, 1943. This entry was approved by the attorney for the appellant and by two members of this Court. This was the entry that fixed, first, the necessity of a Bill of Exceptions, if the weight of the evidence was to be considered and, secondly, the time under the law within which it should be settled and allowed in the trial court.

There is nothing before us to indicate that this mandate of this Court was in any wise observed or that any effort was made to present to the trial judge within the time fixed by the entry of February 16, 1943, a Bill of Exceptions to be considered, settled and allowed in the Probate Court. On the contrary, the record of docket and journal entries in the Probate Court discloses that the only time any request was made of the Probate Judge to complete a transcript of testimony and exceptions was on July 21, 1942, some months before

it was determined in this Court that the cause should proceed on questions of law only. There is no precipe filed with the Probate Judge and no notation of the filing of a Bill of Exceptions in the trial court after the entry of this Court determining that a Bill of Exceptions was proper and necessary in the case. Under §11564 GC it is the express obligation of litigant, or his counsel, to prepare the Bill of Exceptions in proper form and to tender it to the trial judge for his action under the section. It is only after this obligation has been met that a duty devolves upon the trial judge either to sign or refuse to sign the tendered judgment. State ex rel. Dory v Dickson, 18 O. C. C. N. S. 461; **Kennedy v Mancini, 22 Abs 607,** an opinion by this Court.

We regret that this appeal has assumed the status in which we find it but as the matter now stands, we cannot accord any relief to the appellant.

The motion will be overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.