## UNIVIS LENS CO., APPELLEE, *v.* UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA, CIO, ET AL., APPELLANTS.

(No. 2011—Decided November 16, 1948.)

*Messrs. Smith, Schnacke & Compton,* for appellee.
*Messrs. Davis, Davis & Handelman* and *Mr. John Ober,* for appellants.

BY THE COURT. This cause is submitted on two motions of appellants for extension of time within which to file an assignment of errors and brief and also on motion of appellee to dismiss the appeal on the ground that the assignment of errors and brief and their bill of exceptions were not filed within time.

The question which is raised herein relative to the failure to file assignment of errors and brief was determined in *Univis Lens Co.* v. *United Electrical, Radio & Machine Workers of America,* 84 Ohio App., 323, to which reference is hereby made. The state of the record with respect to this matter in the instant case is similar to that in the principal case. In that case, we held that when an application for an extension of time within which to file assignment of errors and brief is filed within time, the court will exercise a broad discretion in granting additional time within which to file assignment of errors and brief. We would be disposed to grant additional time in this case but for the fact that on October 29, 1948, the appellants filed their assignment of errors and brief. The court will order such assignment of errors and brief to remain on file and as having been filed within time. Motion of appellee to dismiss the appeal on the ground that the assignment of errors and brief were not filed within time will be overruled.

The court now considers the motion of appellee to dismiss the appeal because of the failure to file a bill of exceptions. On August 20, 1948, the court dismissed the appeal on questions of law and fact and retained the case as an appeal on questions of law. Pursuant to the provisions of Section 11564, General Code, the court, on August 20, 1948, made an order requiring the appellants to prepare and settle the bill of exceptions within a period of 30 days thereafter. The "settlement" of the bill of exceptions as used in Section 11564, General Code, refers to the settlement in the trial court. Rule VII of the Courts of Appeals has no application to an order made under the provisions of this section. The term "settlement" is used synonymously with "filed." It appears that the bill of exceptions was "settled" in the trial court within

the 30-day period. The bill has not yet been filed in this court. There is no statutory provision or rule of court applicable to this situation. The time within which the bill may be filed in this court must be fixed by order of this court. The court has made no such order. The words "prepare, settle and file his bill of exceptions herein" as used in the order under date of August 20, 1948, referes to the settlement and filing in the trial court and not in this court. The filing of the bill of exceptions in this court is a mere formality which this court will permit to be done in furtherance of justice. The defendants are given ten days after the date of the filing of the entry journalizing this opinion within which to file the bill of exceptions in this court.

*Judgment accordingly.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.