UNIVIS LENS COMPANY, Plaintiff-Appellee, v. UNITED
ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA
ET AL, Defendants-Appellants.

Ohio Appeals, Second District, Montgomery County.

No. 1994.  Decided November 16, 1948.

Smith, Schnacke & Compton, Dayton, for plaintiff-appellee.
Davis, Davis & Handelman, Cleveland, John Ober, Dayton,
for defendants-appellants.

## OPINION

By THE COURT:
Submitted on two motions of appellants for extension of
time within which to file briefs and assignments of error and
also on motion of appellee to dismiss the appeal on the
ground that briefs and assignments of error and bill of ex-
ceptions were not filed within time.

The questions which are raised herein relative to the motion for an extension of time, and, also, with reference to the failure to file assignments of error and briefs were determined in the Univis Lens Company v. United Electrical, Radio and Machine Workers of America, et al., case No. 2006, (opinion being rendered this same day) to which reference is hereby made. The same ruling will be made in this case as was made in the case referred to with respect to the filing of assignments of error and briefs.

The question raised on the motion to dismiss the appeal on the ground that the bill of exceptions was not filed within time was determined in the case of Univis Lens Company v. United Electrical, Radio and Machine Workers of America, et al., case No. 2011, (opinion being rendered this same day) to which reference is hereby made. The same entry will be made in this case which was made in the case referred to with respect to the filing of the bill of exceptions in this court.

Counsel will prepare the proper entry.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

## SUBMITTED ON MOTIONS OF APPELLANTS

No. 2006. Decided November 16, 1948.

By THE COURT:
Submitted on two motions of appellants for extension of time within which to file briefs and assignments of error, and, also, on motion of appellee to strike the bill of exceptions from the files and to dismiss the appeal on the ground that briefs and assignments of error were not filed within time.

On August 3, 1948, the five appellants were found guilty of contempt for violating an injunction growing out of a strike at the Univis Lens plant. No motion for new trial was filed. On August 3, 1948, each appellant filed separate appeals from the order entered on August 3, 1948. All of these appeals were filed on questions of law and questions of law and fact.

On August 20, 1948, these five appeals were ordered consolidated under case No. 2006. On August 20, 1948, the court dismissed the appeal on questions of law and fact and retained the appeal on questions of law and further ordered the appellants to prepare, settle and file their bill of exceptions within thirty days from the date of the order, and also to file within the same time the assignments of error and briefs. The thirty-day period expired on September 20, 1948.

On September 18, 1948, counsel for appellants filed a motion requesting an extension of fifteen days within which to file

assignments of error and briefs. In accordance with the practice in this court, counsel for appellee was given the customary period of time within which to file a memorandum opposing the motion. On October 4, 1948, counsel for appellants filed a second motion requesting an extension of sixty days within which to file assignments of error and briefs.

On September 14, 1948, the bill of exceptions was filed in the trial court and on October 4, 1948, it was filed in the Court of Appeals.

On October 13, 1948, counsel for appellee filed a motion to strike the bill of exceptions and also to dismiss the appeal on the ground that the bill of exceptions and the assignments of error and briefs were not filed within the thirty-day period as ordered.

The order under date of August 20, 1948, requiring appellants to file their bill of exceptions within thirty days was made in pursuance to the provisions of §11564 GC Rule VII has no application to an order made under the provisions of this section. The "settlement" of the bill of exceptions as used in this section refers to the settlement in the trial court. The term "settlement" is used synonymously with "filed." The words "prepare, settle and file their bill of exceptions in said consolidated case" as used in the order under date of August 20, 1948, refers to the filing in the trial court and not in this court. The bill of exceptions having been settled and filed in the trial court within the thirty-day period the motion to strike the bill of exceptions will be overruled. **Kennedy v. Mancini 22 Abs 607.**

That part of the order which required appellants to file assignments of error and briefs within a period of thirty days from the date of the order was not based on any statutory provisions but on rule. The first motion for an extension of time was filed September 18, 1948. Thus it appears that the application for an extension of time was made two days before the thirty-day period expired. When appellant seasonably presents his application for an extension to the court within time, the court has customarily exercised a broad discretion in granting a reasonable extension. This motion was not promptly decided due to the fact that information was brought to the attention of the court that counsel for appellants and appellee would agree on a reasonable extension. No such extension was finally agreed to and by reason of which appellants were prompted to file a second motion for an extension of sixty days within which to file assignments of error and briefs.

This matter has been briefed on the theory that the failure of the appellants to file assignments of error and briefs with-

in the time prescribed in Rule VII or within the thirty-day period as ordered by the court requires a dismissal of the appeal. This court has consistently held that where the time prescribed under Rule VII or under an order of the court made in pursuance to the provisions of §11564 GC has expired, and assignments of error and briefs have not been filed, and no application for an extension is filed within time, the appeal will be dismissed. This case does not fall in that class.

In the instant case, appellants brought the matter to the attention of the court within time. The inability of counsel for appellants to prepare assignments of error and briefs because of the unavailability of the bill of exceptions is a sufficient showing of "good cause" for granting a reasonable extension. A sixty-day extension as requested in the second motion is considered to be unreasonable under the circumstances. The bill of exceptions has been available to counsel for appellants since October 4. 1948. We consider an extension of fifteen days to be sufficient and reasonable.

The motion of appellee to dismiss the appeal will be overruled. The motions of appellants for an extension of time to file assignments of error and briefs will be sustained. Appellants are hereby granted an extension of fifteen days from the date the entry journalizing this opinion is filed within which to file assignments of error and briefs. The plaintiff-appellee is given ten days thereafter within which to file an answer brief. The defendants-appellants are given five days after date of filing answer brief within which to file a reply brief, if they desire to do so. Counsel will prepare the proper entry.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

### SUBMITTED ON MOTIONS OF APPELLANTS

No. 2011. Decided November 16, 1948.

By THE COURT:
Submitted on two motions of appellants for extension of time within which to file briefs and assignments of error and also on motion of appellee to dismiss the appeal on the ground that briefs and assignments of error and their bill of exceptions were not filed within time.

The question which is raised herein relative to the failure to file assignments of error and briefs was determined in Univis Lens Company v. United Electrical, Radio and Machine Workers of America, et al., case No. 2006, (opinion being rendered this

same day) to which reference is hereby made. The state of the record with respect to this matter in the instant case is similar to that in the principal case. In that case, we held that when an application for an extension of time within which to file assignments of error and briefs is filed within time, the court will exercise a broad discretion in granting additional time within which to file assignments of error and briefs. We would be disposed to grant additional time in this case but for the fact that on October 29, 1948, the appellant filed his assignments of error and briefs. The court will order such assignments of error and briefs to remain on file and as having been filed within time. Motion of appellee to dismiss the appeal on the ground that the assignments of error and briefs were not filed within time will be overruled.

The court now considers the motion of appellee to dismiss the appeal because of the failure to file a bill of exceptions. On August 20, 1948 the court dismissed the appeal on law and fact and retained the case as an appeal on law. Pursuant to the provisions of §11564 GC the court on August 20, 1948, made an order requiring the appellant to prepare and settle his bill of exceptions within a period of thirty days thereafter. The "settlement" of the bill of exceptions as used in §11564 GC refers to the settlement in the trial court. Rule VII has no application to an order made under the provisions of this section. The term "settlement" is used synonymously with "filed." It appears that the bill of exceptions was "settled" in the trial court within the thirty-day period. The bill has not yet been filed in this court. There is no statutory provision or rule of court applicable to this situation. The time within which the bill may be filed in this court must be fixed by order of this court. The court has made no such order. The words "prepare, settle and file his bill of exceptions herein" as used in the order under date of August 20, 1948, refers to the settlement and filing in the trial court and not in this court. The filing of the bill of exceptions in this court is a mere formality which this court will permit to be done in furtherance of justice. The defendant-appellant is given ten days after the date of the filing of the entry journalizing this opinion within which to file the bill of exceptions in this court.

Counsel will prepare the proper entry.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.