**AMICON, Plaintiff-Appellant, v. CITY RAILWAY CO., Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2022.  Decided January 13, 1949.

Mason Douglass, Dayton. for plaintiff-appellant.
Landis, Ferguson, Beiser & Greer, Dayton, for defendant-appellee.

**OPINION**

By THE COURT:

Submitted on motion of defendant-appellee to strike the bill of exceptions from the files for the reason that said bill was not filed in the trial court within the time prescribed by §11564 GC, and to affirm the judgment of the trial court.

The record shows that the motion for new trial was overruled September 23, 1948, and that the Bill of Exceptions was filed in the trial court on November 19, 1948, or more than forty days after the motion for new trial was overruled.

It is well established that the requirement of §11564 GC that the Bill of Exceptions be filed not later than forty days after overruling motion for new trial is mandatory.

Counsel for plaintiff-appellant has assigned six separate grounds of error in his brief and states that the assignments of error may be summarized as embracing: (1) the general charge of the court; (2) the special charges given in behalf of defendant; (3) the weight of the evidence  Manifestly a bill of exceptions is required to exemplify the errors assigned.

The appellant contends that §11564 GC permits the court to consider the question whether special interrogatories were properly submitted.  Special Interrogatory No. 1 was filed with the verdict and attached to the transcript of the docket and journal entries.  The appellant further contends that

this court may consider the exhibits in the case and determine whether special instructions to the jury and the general charge were proper. The point is made that the motion to strike the bill of exceptions from the files can only reach those matters required by §11564 GC to be incorporated in a bill of exceptions. The contention is made that the matters heretofore mentioned are not required to be incorporated in the bill of exceptions. The pertinent part of §11564 GC provides that "When the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry, or the objection is * * * for a new trial for misdirection to the jury, or because the verdict, * * * is against the law and the evidence, or on the admission or rejection of evidence, the party excepting must reduce his objections to writing and file them in the cause," etc.

Subject to certain exceptions which do not exist in this case, under this section all grounds of objection which do not appear "upon the face of the record" must be reduced to writing and filed as a bill of exceptions. **Vol. 2 O. Jur. pp. 422, 428.** If there is nothing before the court except the pleadings, the court is limited to a review of errors presented by the pleadings. **Vol. 2 O. Jur. p. 431.** The record as made by the clerk consists of those matters mentioned in §11607 GC and do not include the matters herein mentioned.

This court cannot consider the exhibits nor determine whether the trial court acted properly in giving or refusing to give special instructions to the jury or in giving the general charge in the absence of a bill of exceptions. **Vol. 2 O. Jur. pp. 463, 464.**

Assuming, without deciding, that the question as to whether the court acted properly in submitting special interrogatory No. 1 is properly before this court for determination, we would be required to find that the answer to the interrogatory is in accord with the general verdict; if the interrogatory consisted of a mixed question of fact and law, as contended by appellant, no prejudicial error resulted in its submission in view of a general verdict for the defendant.

The motion to strike the bill of exceptions from the files will be sustained (**Kennedy v. Mancini, 22 Abs 607; McEvoy v. Ripley, 24 Abs 678**) and the judgment of the trial court will be affirmed. **Tenesy v. City of Cleveland, 133 Oh St 251; In the Matter of Lands, 146 Oh St 589.**

An entry may be drawn in conformity herewith.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.