THE UNIVIS LENS COMPANY, Plaintiff-Appellee, v. UNITED
ELECTRICAL, RADIO & MACHINE WORKERS OF
AMERICA, et al., Defendants-Appellants.

Ohio Appeals, Second District, Montgomery County.

Nos. 1994-2004. Decided June 8, 1949.

Smith, Schnacke & Compton, Dayton, for plaintiff-appellee.
Davis, Davis & Handelman, Cleveland, John H. Ober, Dayton,
for defendants-appellants.

## OPINION

By THE COURT:

This is an appeal on questions of law from the Court of
Common Pleas of Montgomery County, Ohio, finding eleven
separate defendants guilty of contempt of court for violation
of an order relative to picketing during the strike at the
Univis Lens Company plant in the City of Dayton, Ohio.

On June 10, 1948 the court issued an order restraining the defendants and other persons from interfering by violence, force, intimidation, threats, or in any manner whatsoever with any person or persons desiring to enter or leave the plant; from aiding, abetting or assisting anyone in the commission of any or the acts herein enjoined; but provided that the defendants should be permitted to peacefully picket plaintiff's plant with placards or banners if desired, but such pickets were not permitted to block or obstruct any gate or driveway leading to said plant or interfere with or molest anyone desiring to enter or leave said plant or premises.

The defendants were charged with engaging in mass picketing on June 15, 1948; that the defendants and other persons blocked the entrance to said plant; that employees of said company who desired to enter for the purpose of working in said plant were blocked and prevented from entering by the pickets; that one gate was padlocked by one of the defendants; that physical violence was used in preventing the entrance by said employees of said company.

After a prolonged hearing the appellants were found guilty of contempt of court and sentenced.

Appellants assign as error: that they were denied the right to a bill of particulars and other rights under the statutes of Ohio; for the erroneous admission or exclusion of evidence; that the sentences were severe, harsh and excessive; that the judgment is not sustained by sufficient evidence and is contrary to law; other errors appearing on the face of the record.

We have carefully read and scrutinized the entire record, which is very voluminous, and have given due consideration to all of the errors assigned by appellants. In our judgment the errors assigned are not supported by the record. There is ample evidence from which the trial court was justified in making a finding of guilt.

The factual situation requires only brief comment. There was sufficient evidence of a credible character which, if believed by the trial court, warranted a finding that all of the appellants, with the exception of the two named organizations and K. M. Kirkendall, engaged in physical violence while on picket duty. While the charge that Kaplan placed the padlock on the gate is disputed, it is clear that he and other pickets used physical force to prevent an employee of the company from cutting the chain and padlock. True, the evidence does not show that K. M. Kirkendall was in the picket line or engaged in physical violence, but according to his own testimony he was responsible for the picket line. There is abundant evidence to support the charge that on

the day in question the leaders of the labor group involved and those responsible for the picket line were determined not to let pass through the picket line any employees of the company who were called back to work on the morning of the day in question. The evidence clearly shows that there were from 150 to 250 persons in the picket line and that the word was given by the leaders to close the picket line. The pickets moved in close formation on the sidewalk and in front of the entrances to the plant and in such close proximity to the entrances as to prevent any of the nonstriking employees from entering. All of the defendants, including the organizations and Kirkendall, were responsible for the mass picketing as charged.

There is sufficient evidence to support the judgment of the trial court that the appellants have violated the order and as a consequence were guilty of contempt of court.

The sentences of the court were reasonable under the circumstances. In sentencing the appellants the court considered the degree of guilt and imposed lighter sentences on some of the appellants than on others.

Because of the view we take of this case we are not required to determine the question whether all of the errors assigned are reviewable because of the failure of appellants to file a motion for new trial.

Finding no error in the record prejudicial to the rights of the appellants the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.