**O'LEARY, Exr., Plaintiff-Appellee, v. BURNETT et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2040. Decided December 1, 1949.

Paul H. Blum, Dayton, for plaintiff-appellee.

Gene B. Bacher, Howard H. Durst, Dayton, for defendants-appellants.

### OPINION

By WISEMAN, J:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County, Ohio, which rendered judgment in favor of the plaintiff for the sum of $8,769.13.

Before passing on the merits of the appeal the court is required to dispose of a motion filed by plaintiff-appellee to strike the bill of exceptions from the files and to dismiss the appeal on the ground that the bill of exceptions was not filed within the time provided by law and the former order of this court.

The record shows that on March 15, 1949 the appeal on questions of law and fact was dismissed and the case retained as an appeal on questions of law. On that date the court ordered the bill of exceptions to be filed within thirty days from the date of the entry. This order was made under the provisions of §11564 GC. The thirty-day period designated in this section, being the maximum time for the preparation and settlement of a bill of exceptions, refers to the filing of a bill of exceptions in the trial court. **Univis Lens Co. v. United Electrical, Radio and Machine Workers of America, 84 Oh Ap 323; 85 Oh Ap 53, 86 Oh Ap 241; 53 Abs 290, 292, 55 Abs 241, 243, 248; 86 N. E. (2d) 331, 334.** The record shows that the bill of exceptions was filed in the trial court on April 11, 1949, which was within the thirty-day period. The bill was settled in the trial court on May 3, 1949. After the bill is settled in the trial court the appellant is given ten days to file the bill in the Court of Appeals, under the provisions of supplement to Rule VII of this court. The record shows that the bill was filed in the Court of Appeals on May 3, 1949, which was within the ten-day period. Motion to strike the bill and dismiss the appeal overruled.

Coming now to pass on the merits of the appeal, the record shows that the plaintiff in his petition prayed for a money judgment against the defendant, alleging that the plaintiff's decedent, William J. O'Leary, in December, 1932, entered into a contract in writing with the defendant whereby the defendant agreed to pay the plaintiff five per cent of the gross sale price of all motors manufactured by the defendant and that beginning in 1936 the payment in any calendar year should not be less than $500.00; that the right of the defendant to manufacture such motors was to continue for seventeen years after the letters patent on said motors were issued to the plaintiff's decedent. It is alleged that letters patent were not issued to the plaintiff's decedent until July 14, 1936. Plaintiff further alleges that the defendant did manufacture and sell said motors but has not made payment to the plaintiff's decedent or to his estate according to the terms of the contract. Plaintiff further alleges that "said agreement was written but not signed".

The defendant, in his answer, pleads the statute of frauds.

This matter was tried to the court without the intervention of a jury.

The appellant assigns as error that the judgment of the trial court is not sustained by any evidence; that the judgment is contrary to law; that the judgment should be in favor of the appellant; that the court erred in the admission of evidence; and other errors of law occurring at the trial.

We find no errors assigned supported by the record except the claim of the appellant that the judgment of the trial court is not sustained by the evidence and is contrary to law. An application for a new trial, which was not filed, was not a necessary prerequisite to obtain appellate review as to these two matters, since the record shows that these matters were submitted to the trial court and the claimed errors appear in the record. **Sec. 11576-1 GC.**

The principal question for the court to determine is whether the contract complies with the statute of frauds. **Sec. 8621 GC**, in part provides:

"No action shall be brought whereby to charge the defendant, * * * upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

It is conceded that the alleged contract on which the action was brought was not to be performed within one year from the making thereof. The appellant contends that the plaintiff did not introduce into evidence any memorandum in writing signed by the appellant. The appellee contends that several memoranda introduced in evidence, one of which was signed by the appellant, constitutes a memorandum in writing signed by the person sought to be charged, in compliance with the provisions of §8621 GC.

The paper writings introduced are designated as plaintiff's exhibits "A", "B", and "C". Plaintiff's Exhibit "A" was the license agreement dated December —, 1932, which was prepared for the signatures of the plaintiff's decedent and the defendant. However, this agreement was never signed. Plaintiff's exhibit "B" is in the form of a receipt, and is as follows:

"January 1—1936.

Received of the W. J. O'Leary Estate $250.00 on back salary from The Rotor Corp. of America and The Rotor Clock Co.

Harry L. Burnett"

The record shows that plaintiff's decedent died in January, 1935. The record further shows that the defendant at one time had been employed by The Rotor Corp. of America and The Rotor Clock Company in experimental work and that plaintiff's decedent was the president and active head of both corporations at that time; that in December, 1932, the defendant terminated his employment with the companies and at that time there was back salary due him. Plaintiff's Exhibit "B" clearly refers to the matter of salary and makes no reference whatever to the agreement which is the subject of this action. Plaintiff's Exhibit "C" reads as follows:

"January 1—1936

Received from Harry L. Burnett $250.00 as first payment on motor license as of Dec. 1932."

This memorandum was unsigned.

In deciding the motion to dismiss the appeal on questions of law and fact this court, in a former opinion (54 Abs 415; 87 N. E. (2d) 897) held that this action was essentially one at law for the recovery of money only and that the equitable relief sought was merely incidental. In our opinion part performance cannot be invoked to take this case out of the operation of the statute of frauds. **Hodges v. Ettinger, 127**

Oh St 460, 189 N. E. 113; **Bower v. Heer, 35 Abs 416,** 40 N. E. (2d) 879.

The plaintiff contends that the memoranda introduced (Plaintiff's Exhibits "A", "B" and "C") are adequate under the law to constitute a writing signed by the party sought to be charged. Reliance is placed on **Kling, Admr., etc., v. Bordner, 65 Oh St 86,** 61 N. E. 148. In our opinion this case supports the contention of the defendant, rather than the contention of the plaintiff herein. The first syllabus of that case is as follows:

"The memorandum in writing which is required by the statute of frauds (Section 4199, Revised Statutes), is a memorandum of the agreement between parties; and it is not sufficient unless it contains the essential terms of the agreement expressed with such clearness and certainty that they may be understood from the memorandum itself or some other writing to which it refers, without the necessity of resorting to parol proof."

The plaintiff also cites **Thayer v. Luce and Fuller, 22 Oh St 62,** for the proposition that several pieces of paper may constitute one writing if proper reference is made. The first two paragraphs of the syllabus are as follows:

"Several writings, though made at different times, may be construed together, for the purpose of ascertaining the terms of a contract required, by the statute of frauds, to be in writing and signed by the party to be charged therewith.

If some only of such writings be so signed, reference must be specifically made therein to those which are not so signed; but if each of the writings be so signed, such reference to the others need not be made, if, by inspection and comparison, it appear that they severally relate to or form part of the same transaction."

It is apparent that the only writing that is signed by the defendant makes no reference whatever to the unsigned ██ license agreement, and therefore the principle of law laid down in Thayer v. Luce and Fuller has no application.

In our opinion the memoranda presented in this case did not constitute a memorandum or note in writing signed by the party sought to be charged. Therefore, the oral agreement entered into is unenforceable. The judgment of the trial court was not sustained by sufficient evidence and is contrary to law.

The judgment is reversed and this court, coming to render the judgment which the trial court should have rendered, orders that judgment be entered for the defendant.

MILLER, PJ, and HORNBECK, J, concur.